# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>THIS DOCUMENT RELATES TO:<br>    *The County of Summit, Ohio*, et al. *v.*<br>    *Purdue Pharma L.P.*, et al.<br>    Case No. 18-op-45090 | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster |

## DEFENDANT WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT AND JURY DEMAND

Defendant Walmart Inc. ("Walmart") hereby answers the sealed Corrected Second Amended Complaint (*In re Nat'l Prescription Opiate Litig.*, Case No. 17-md-2804 (N.D. Ohio), ("MDL"), ECF No. 514) ("Complaint")[1] filed in *County of Summit, Ohio v. Purdue Pharma L.P.*[2]

Unless expressly stated otherwise, Walmart denies each and every allegation contained in the Complaint, include any allegations contained in the preamble, unnumbered and numbered

---

[1] In its December 19, 2018 Opinion and Order ("Order") (MDL ECF No. 1203, at p. 39), the Court directed the parties to file their answers in response to the sealed Corrected Second Amended Complaint, (MDL ECF No. 514). Consistent with the Court's order, Walmart's Answer applies to the sealed SAC at MDL ECF No. 514.  Due to restrictions in the CM/ECF filing system, however, Walmart has linked this Answer to the substantively identical, unsealed Corrected Second Amended Complaint appearing at MDL ECF No. 513.

Walmart has taken the same approach with respect to the associated case docket, County of Summit, Ohio v. Purdue Pharma L.P., No. 18-OP-45090 (N.D. Ohio) ("Summit"), and responds to the sealed Corrected Second Amended Complaint (Summit ECF No. 25) but has linked this Answer to the unsealed Corrected Second Amended Complaint, (Summit ECF No. 24).

[2] In accordance with the Court's order, (MDL ECF No. 1203, Summit ECF No. 114, at p. 39), this Answer responds only to the sealed Complaint (MDL ECF No. 514; Summit ECF No. 25) filed in *County of Summit, Ohio v. Purdue Pharma L.P.*, No. 18-OP-45090 (N.D. Ohio), and does not respond to the complaints filed in *County of Cuyahoga v. Purdue Pharma L.P.*, No. 17-OP-45004 (N.D. Ohio), and *City of Cleveland v. AmerisourceBergen Drug Corp.*, No. 18-OP-45132 (N.D. Ohio).

paragraphs, titles, headings, subheadings, table of contents, footnotes, exhibits, characterization of documents, and stricken paragraphs, and specifically deny any liability to Plaintiffs. To the extent not expressly denied, all allegations for which Walmart denies possessing knowledge or information sufficient to form a belief are denied. Walmart reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

1.     Paragraph 1, which summarizes Plaintiffs' claims, does not require a response. To the extent a response is required, Walmart denies that Plaintiffs are entitled to relief on the claims asserted against Walmart, and it also denies that any entities other than County of Summit, Ohio and City of Akron, Ohio are Plaintiffs to this action. Further, Walmart denies the remaining allegations contained in Paragraph 1 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

### INTRODUCTION

2.     Paragraph 2 states argument, to which no response is required. To the extent a response is deemed to be required, Walmart acknowledges that abuse and addiction to opioids is a serious public health issue, but Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

3.     Paragraph 3 states argument, to which no response is required. To the extent a response is deemed to be required, Walmart acknowledges that abuse and addiction to opioids is a serious public health issue, but Walmart is without knowledge or information sufficient to form

a belief as to the truth of the allegations contained in Paragraph 3; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

4.      While Walmart is aware of reports regarding drug overdose, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

5.      While Walmart is aware of reports regarding drug overdose, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

6.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

7.      Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

8.      Walmart admits that Mr. Anderson has made the quoted statements in media reports and, according to www.whitehouse.gov, the President declared the opioid crisis a national public health emergency on October 26, 2017. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

9.      Paragraph 9, which summarizes Plaintiffs' claims, does not require a response. To the extent a response required, Walmart denies that Plaintiffs are entitled to relief on the claims asserted against Walmart. Further, Walmart denies the remaining allegations contained in Paragraph 9 as they apply to Walmart. Moreover, the remaining allegations contained in

Paragraph 9 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

10.     The allegations contained in Paragraph 10 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 10 is deemed to contain allegations against Walmart, Walmart denies such allegations.

11.     The allegations contained in Paragraph 11 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 11 is deemed to contain allegations against Walmart, Walmart denies such allegations.

12.     The allegations contained in Paragraph 12 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 12 is deemed to contain allegations against Walmart, Walmart denies such allegations.

13.     Walmart denies the allegations contained in Paragraph 13 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 13 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

14.     Walmart denies the allegations contained in Paragraph 14 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 14 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

15.     The allegations contained in Paragraph 15 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 15 is deemed to contain allegations against Walmart, Walmart denies such allegations.

16.     While Walmart is aware of reports regarding drug overdose, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

17.     Walmart denies the allegations contained in Paragraph 17 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 17 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such

allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

18.     Paragraph 18 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 18 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 18 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

19.     Paragraph 19 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 19 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 19 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

20.     Walmart denies the allegations contained in Paragraph 20 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 20 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

21.     Walmart denies the allegations contained in Paragraph 21 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 21 are not directed toward

Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

22.     Walmart denies the allegations contained in Paragraph 22 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 22 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

23.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

24.     Paragraph 24, which summarizes Plaintiffs' claims, does not require a response. To the extent a response required, Walmart denies that Plaintiffs are entitled to relief on the claims asserted against Walmart. Further, Walmart denies the remaining allegations contained in Paragraph 24 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 24 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## JURISDICTION AND VENUE

25.     Paragraph 25 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 25 and further denies the allegations contained therein as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 25 are not directed toward Walmart and therefore

no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

26.     Paragraph 26 states a legal conclusion to which no response is required. To the extent a response is required, Walmart admits it is not aware of a reason or basis to dispute the personal jurisdiction of this Court over Walmart for the claims asserted in the Complaint. Walmart denies the remaining allegations in Paragraph 26 as they apply to Walmart. Further, Walmart is not required to respond to the remaining allegations contained in Paragraph 26 that are not directed toward Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

27.     Paragraph 27 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 27 and further denies the remaining allegations contained in Paragraph 27 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 27 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## PARTIES

## I.     PLAINTIFFS

28.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

29.     Paragraph 29 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 29 is deemed to contain allegations against Walmart, Walmart denies such allegations.

30.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

31.     Paragraph 31 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 31 is deemed to contain allegations against Walmart, Walmart denies such allegations.

32.     Paragraph 32 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 32 is deemed to contain allegations against Walmart, Walmart denies such allegations.

33.     Paragraph 33 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart.

To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 33 is deemed to contain allegations against Walmart, Walmart denies such allegations.

34.    Paragraph 34 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 34 is deemed to contain allegations against Walmart, Walmart denies such allegations.

35.    Paragraph 35 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 35 is deemed to contain allegations against Walmart, Walmart denies such allegations.

36.    Paragraph 36 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 36 is deemed to contain allegations against Walmart, Walmart denies such allegations.

37.     Paragraph 37 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 37 is deemed to contain allegations against Walmart, Walmart denies such allegations.

38.     Paragraph 38 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 38 is deemed to contain allegations against Walmart, Walmart denies such allegations.

39.     Paragraph 39 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 39 is deemed to contain allegations against Walmart, Walmart denies such allegations.

40.     Paragraph 40 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to

be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 40 is deemed to contain allegations against Walmart, Walmart denies such allegations.

41.     Paragraph 41 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 41 is deemed to contain allegations against Walmart, Walmart denies such allegations.

42.     Paragraph 42 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 42 is deemed to contain allegations against Walmart, Walmart denies such allegations.

43.     Paragraph 43 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 43 is deemed to contain allegations against Walmart, Walmart denies such allegations.

44.     Paragraph 44 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or

information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 44 is deemed to contain allegations against Walmart, Walmart denies such allegations.

45.     Paragraph 45 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 45 is deemed to contain allegations against Walmart, Walmart denies such allegations.

46.     Paragraph 46 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 46 is deemed to contain allegations against Walmart, Walmart denies such allegations.

47.     Paragraph 47 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 47 is deemed to contain allegations against Walmart, Walmart denies such allegations.

48.     Paragraph 48 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart.

To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 48 is deemed to contain allegations against Walmart, Walmart denies such allegations.

49.     Paragraph 49 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 49 is deemed to contain allegations against Walmart, Walmart denies such allegations.

50.     Paragraph 50 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 50 is deemed to contain allegations against Walmart, Walmart denies such allegations.

51.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

52.     Paragraph 52 concerns an entity that was dismissed as a plaintiff from this action by court order on May 31, 2018, and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to

be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 52 is deemed to contain allegations against Walmart, Walmart denies such allegations.

53.     Walmart denies that any entities other than County of Summit, Ohio and City of Akron, Ohio are Plaintiffs to this action. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

54.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

55.     Paragraph 55 purports to recite the shorthand terms that Plaintiffs define for their use in their Complaint, and such allegations do not require a response from Walmart. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 55 and further denies the allegations contained in Paragraph 55 as they apply to Walmart.

56.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

57.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

58.     Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 58 and further denies the allegations contained in Paragraph 58 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 58 are not directed toward Walmart and therefore

no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

59.     Paragraph 59 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 59 and further denies the allegations contained in Paragraph 59 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 59 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

60.     Walmart denies the allegations contained in Paragraph 60 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 60 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

61.     Paragraph 61 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 61 and further denies the allegations contained in Paragraph 61 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 61 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

62. Paragraph 62 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 62 and further denies the allegations contained in Paragraph 62 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 62 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## II.    **DEFENDANTS**

63. The allegations contained in Paragraph 63 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 63 is deemed to contain allegations against Walmart, Walmart denies such allegations.

64. The allegations contained in Paragraph 64 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 64 is deemed to contain allegations against Walmart, Walmart denies such allegations.

65. The allegations contained in Paragraph 65 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 65 is deemed to contain allegations against Walmart, Walmart denies such allegations.

66.     The allegations contained in Paragraph 66 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 66 is deemed to contain allegations against Walmart, Walmart denies such allegations.

67.     The allegations contained in Paragraph 67 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 67 is deemed to contain allegations against Walmart, Walmart denies such allegations.

68.     The allegations contained in Paragraph 68 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 68 is deemed to contain allegations against Walmart, Walmart denies such allegations.

69.     The allegations contained in Paragraph 69 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 69 is deemed to contain allegations against Walmart, Walmart denies such allegations.

70.     The allegations contained in Paragraph 70 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 70 is deemed to contain allegations against Walmart, Walmart denies such allegations.

71.     The allegations contained in Paragraph 71 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 71 is deemed to contain allegations against Walmart, Walmart denies such allegations.

72.     The allegations contained in Paragraph 72 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 72 is deemed to contain allegations against Walmart, Walmart denies such allegations.

73.     [Paragraph Stricken]

74.     The allegations contained in Paragraph 74 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 74 is deemed to contain allegations against Walmart, Walmart denies such allegations.

75.     The allegations contained in Paragraph 75 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 75 is deemed to contain allegations against Walmart, Walmart denies such allegations.

76.     The allegations contained in Paragraph 76 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 76 is deemed to contain allegations against Walmart, Walmart denies such allegations.

77.     The allegations contained in Paragraph 77 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 77 is deemed to contain allegations against Walmart, Walmart denies such allegations.

78.    The allegations contained in Paragraph 78 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 78 is deemed to contain allegations against Walmart, Walmart denies such allegations.

79.    The allegations contained in Paragraph 79 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 79 is deemed to contain allegations against Walmart, Walmart denies such allegations.

80.    The allegations contained in Paragraph 80 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 80 is deemed to contain allegations against Walmart, Walmart denies such allegations.

81.    The allegations contained in Paragraph 81 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 81 is deemed to contain allegations against Walmart, Walmart denies such allegations.

82.     The allegations contained in Paragraph 82 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 82 is deemed to contain allegations against Walmart, Walmart denies such allegations.

83.     The allegations contained in Paragraph 83 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 83 is deemed to contain allegations against Walmart, Walmart denies such allegations.

84.     The allegations contained in Paragraph 84 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 84 is deemed to contain allegations against Walmart, Walmart denies such allegations.

85.     The allegations contained in Paragraph 85 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 85 is deemed to contain allegations against Walmart, Walmart denies such allegations.

86.     The allegations contained in Paragraph 86 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 86 is deemed to contain allegations against Walmart, Walmart denies such allegations.

87.     The allegations contained in Paragraph 87 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 87 is deemed to contain allegations against Walmart, Walmart denies such allegations.

88.     The allegations contained in Paragraph 88 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 88 is deemed to contain allegations against Walmart, Walmart denies such allegations.

89.     The allegations contained in Paragraph 89 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 89 is deemed to contain allegations against Walmart, Walmart denies such allegations.

90.     The allegations contained in Paragraph 90 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 90 is deemed to contain allegations against Walmart, Walmart denies such allegations.

91.     The allegations contained in Paragraph 91 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 91 is deemed to contain allegations against Walmart, Walmart denies such allegations.

92.     The allegations contained in Paragraph 92 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 92 is deemed to contain allegations against Walmart, Walmart denies such allegations.

93.     The allegations contained in Paragraph 93 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 93 is deemed to contain allegations against Walmart, Walmart denies such allegations.

94.     The allegations contained in Paragraph 94 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 94 is deemed to contain allegations against Walmart, Walmart denies such allegations.

95.     The allegations contained in Paragraph 95 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 95 is deemed to contain allegations against Walmart, Walmart denies such allegations.

96.     The allegations contained in Paragraph 96 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 96 is deemed to contain allegations against Walmart, Walmart denies such allegations.

97.     The allegations contained in Paragraph 97 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 97 is deemed to contain allegations against Walmart, Walmart denies such allegations.

98.     The allegations contained in Paragraph 98 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 98 is deemed to contain allegations against Walmart, Walmart denies such allegations.

99.     The allegations contained in Paragraph 99 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 99 is deemed to contain allegations against Walmart, Walmart denies such allegations.

100.     The allegations contained in Paragraph 100 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 100 is deemed to contain allegations against Walmart, Walmart denies such allegations.

101.    The allegations contained in Paragraph 101 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 101 is deemed to contain allegations against Walmart, Walmart denies such allegations.

102.    The allegations contained in Paragraph 102 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 102 is deemed to contain allegations against Walmart, Walmart denies such allegations.

103.    The allegations contained in Paragraph 103 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 103 is deemed to contain allegations against Walmart, Walmart denies such allegations.

104.    The allegations contained in Paragraph 104 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 104 is deemed to contain allegations against Walmart, Walmart denies such allegations.

105.    The allegations contained in Paragraph 105 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 105 is deemed to contain allegations against Walmart, Walmart denies such allegations.

106.    Paragraph 106 purports to recite the shorthand terms that Plaintiffs define for their use in their Complaint, and such allegations do not require a response from Walmart. To the extent a response is required, Walmart denies the allegations contained in Paragraph 106 as they apply to Walmart.

107.    Walmart admits that for a time period prior to April 2018, Walmart, through its subsidiary, distributed certain prescription medication to certain of its own stores in the United States. Walmart denies the remaining allegations contained in Paragraph 107 as they apply to Walmart. Further, Walmart is not required to respond to the remaining allegations contained in Paragraph 107 that are not directed toward Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

108.     The allegations contained in Paragraph 108 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 108 is deemed to contain allegations against Walmart, Walmart denies such allegations.

109.     The allegations contained in Paragraph 109 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 109 is deemed to contain allegations against Walmart, Walmart denies such allegations.

110.     The allegations contained in Paragraph 110 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 110 is deemed to contain allegations against Walmart, Walmart denies such allegations.

111.     The allegations contained in Paragraph 111 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 111 is deemed to contain allegations against Walmart, Walmart denies such allegations.

112.    The allegations contained in Paragraph 112 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 112 is deemed to contain allegations against Walmart, Walmart denies such allegations.

113.    The allegations contained in Paragraph 113 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 113 is deemed to contain allegations against Walmart, Walmart denies such allegations.

114.    The allegations contained in Paragraph 114 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 114 is deemed to contain allegations against Walmart, Walmart denies such allegations.

115.    The allegations contained in Paragraph 115 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 115 is deemed to contain allegations against Walmart, Walmart denies such allegations.

116.   The allegations contained in Paragraph 116 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 116 is deemed to contain allegations against Walmart, Walmart denies such allegations.

117.   The allegations contained in Paragraph 117 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 117 is deemed to contain allegations against Walmart, Walmart denies such allegations.

118.   The allegations contained in Paragraph 118 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 118 is deemed to contain allegations against Walmart, Walmart denies such allegations.

119.   The allegations contained in Paragraph 119 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 119 is deemed to contain allegations against Walmart, Walmart denies such allegations.

120.     The allegations contained in Paragraph 120 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 120 is deemed to contain allegations against Walmart, Walmart denies such allegations.

121.     The allegations contained in Paragraph 121 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 121 is deemed to contain allegations against Walmart, Walmart denies such allegations.

122.     The allegations contained in Paragraph 122 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 122 is deemed to contain allegations against Walmart, Walmart denies such allegations.

123.     The allegations contained in Paragraph 123 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 123 is deemed to contain allegations against Walmart, Walmart denies such allegations.

124.     The allegations contained in Paragraph 124 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 124 is deemed to contain allegations against Walmart, Walmart denies such allegations.

125.     The allegations contained in Paragraph 125 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 125 is deemed to contain allegations against Walmart, Walmart denies such allegations.

126.     Walmart admits that it is corporation organized under Delaware law with its principal place of business in Bentonville, Arkansas. Walmart further admits that for a time period prior to April 2018, Walmart, through its subsidiary, distributed certain prescription medication to certain of its own stores in the United States. Walmart denies the remaining allegations contained in Paragraph 126.

127.    Paragraph 127 purports to recite the shorthand terms that Plaintiffs define for their use in their Complaint, and such allegations do not require a response from Walmart. To the extent a response is required, Walmart denies the allegations contained in Paragraph 127 as they apply to Walmart.

128.    Walmart denies that Defendants, as applied to Walmart, include predecessors, successors, affiliates, subsidiaries, partnerships and divisions to the extent that they are engaged in the manufacture, promotion, distribution, sale, and/or dispensing of opioids. Further, the remaining allegations contained in Paragraph 128 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

129.    Walmart denies the allegations contained in Paragraph 129 as they apply to Walmart. The remaining allegations contained in Paragraph 129 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## FACTUAL ALLEGATIONS

130.    Walmart admits opioids are a class of substances that include legal, prescription medication such as pain relievers. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 130; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

131.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

132.     Paragraph 132 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

133.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

134.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

135.     Paragraph 135 purports to contain a citation to the law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 135 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 135 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

136.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

137.     The allegations contained in Paragraph 137 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 137 is deemed to contain allegations against Walmart, Walmart denies such allegations.

138.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

139.    The allegations contained in Paragraph 139 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 139 is deemed to contain allegations against Walmart, Walmart denies such allegations.

140.    The allegations contained in Paragraph 140 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 140 is deemed to contain allegations against Walmart, Walmart denies such allegations.

141.    The allegations contained in Paragraph 141 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 141 is deemed to contain allegations against Walmart, Walmart denies such allegations.

142.     The allegations contained in Paragraph 142 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 142 is deemed to contain allegations against Walmart, Walmart denies such allegations.

143.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

144.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

145.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

146.     The allegations contained in Paragraph 146 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 146 is deemed to contain allegations against Walmart, Walmart denies such allegations.

147.    The allegations contained in Paragraph 147 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 147 is deemed to contain allegations against Walmart, Walmart denies such allegations.

148.    The allegations contained in Paragraph 148 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 148 is deemed to contain allegations against Walmart, Walmart denies such allegations.

149.    The allegations contained in Paragraph 149 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 149 is deemed to contain allegations against Walmart, Walmart denies such allegations.

150.    Paragraph 150 refers to documents that speaks for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 150 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied

under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 150 is deemed to contain allegations against Walmart, Walmart denies such allegations.

151.    The allegations contained in Paragraph 151 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 151 is deemed to contain allegations against Walmart, Walmart denies such allegations.

152.    The allegations contained in Paragraph 152 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 152 is deemed to contain allegations against Walmart, Walmart denies such allegations.

153.    Paragraph 153 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 153 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 153 is deemed to contain allegations against Walmart, Walmart denies such allegations.

154.    Paragraph 154 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 154 are not directed

toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 154 is deemed to contain allegations against Walmart, Walmart denies such allegations.

155.    Paragraph 155 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 155 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 155 is deemed to contain allegations against Walmart, Walmart denies such allegations.

156.    Paragraph 156 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 156 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 156 is deemed to contain allegations against Walmart, Walmart denies such allegations.

157.    Paragraph 157 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 157 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient

to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 157 is deemed to contain allegations against Walmart, Walmart denies such allegations.

158.    The allegations contained in Paragraph 158 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 158 is deemed to contain allegations against Walmart, Walmart denies such allegations.

159.    The allegations contained in Paragraph 159 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 159 is deemed to contain allegations against Walmart, Walmart denies such allegations.

160.    The allegations contained in Paragraph 160 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 160 is deemed to contain allegations against Walmart, Walmart denies such allegations.

161.    The allegations contained in Paragraph 161 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 161 is deemed to contain allegations against Walmart, Walmart denies such allegations.

162.    Paragraph 162 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 162 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 162 is deemed to contain allegations against Walmart, Walmart denies such allegations.

163.    The allegations contained in Paragraph 163 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 163 is deemed to contain allegations against Walmart, Walmart denies such allegations.

164.    The allegations contained in Paragraph 164 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 164 is deemed to contain allegations against Walmart, Walmart denies such allegations.

165.    Paragraph 165 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 165 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 165 is deemed to contain allegations against Walmart, Walmart denies such allegations.

166.    The allegations contained in Paragraph 166 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 166 is deemed to contain allegations against Walmart, Walmart denies such allegations.

167.    The allegations contained in Paragraph 167 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 167 is deemed to contain allegations against Walmart, Walmart denies such allegations.

168.    Paragraph 168 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 168 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient

to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 168 is deemed to contain allegations against Walmart, Walmart denies such allegations.

169.    The allegations contained in Paragraph 169 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 169 is deemed to contain allegations against Walmart, Walmart denies such allegations.

170.    The allegations contained in Paragraph 170 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 170 is deemed to contain allegations against Walmart, Walmart denies such allegations.

171.    Walmart denies the allegations contained in Paragraph 171 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 171 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

172.    Walmart denies the allegations contained in Paragraph 172 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 172 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such

44

allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

173.    Paragraph 173 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 173 and further denies the allegations contained in Paragraph 173 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 173 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

174.    The allegations contained in Paragraph 174 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 174 is deemed to contain allegations against Walmart, Walmart denies such allegations.

175.    The allegations contained in Paragraph 175 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 175 is deemed to contain allegations against Walmart, Walmart denies such allegations.

176.    The allegations contained in Paragraph 176 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 176 is deemed to contain allegations against Walmart, Walmart denies such allegations.

177.    The allegations contained in Paragraph 177 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 177 is deemed to contain allegations against Walmart, Walmart denies such allegations.

178.    The allegations contained in Paragraph 178 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 178 is deemed to contain allegations against Walmart, Walmart denies such allegations.

179.    The allegations contained in Paragraph 179 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 179 is deemed to contain allegations against Walmart, Walmart denies such allegations.

180.    The allegations contained in Paragraph 180 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 180 is deemed to contain allegations against Walmart, Walmart denies such allegations.

181.    The allegations contained in Paragraph 181 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 181 is deemed to contain allegations against Walmart, Walmart denies such allegations.

182.    Paragraph 182 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 182 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 182 is deemed to contain allegations against Walmart, Walmart denies such allegations.

183.    The allegations contained in Paragraph 183 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 183 is deemed to contain allegations against Walmart, Walmart denies such allegations.

184.    Paragraph 184 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 184 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 184 is deemed to contain allegations against Walmart, Walmart denies such allegations.

185.    Paragraph 185 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 185 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 185 is deemed to contain allegations against Walmart, Walmart denies such allegations.

186.    Paragraph 186 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 186 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 186 is deemed to contain allegations against Walmart, Walmart denies such allegations.

187.    Paragraph 187 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 187 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 187 is deemed to contain allegations against Walmart, Walmart denies such allegations.

188.    Paragraph 188 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 188 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 188 is deemed to contain allegations against Walmart, Walmart denies such allegations.

189.    Paragraph 189 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 189 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 189 is deemed to contain allegations against Walmart, Walmart denies such allegations.

190.    Paragraph 190 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 190 are not directed

toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 190 is deemed to contain allegations against Walmart, Walmart denies such allegations.

191.    Paragraph 191 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 191 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 191 is deemed to contain allegations against Walmart, Walmart denies such allegations.

192.    Paragraph 192 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 192 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 192 is deemed to contain allegations against Walmart, Walmart denies such allegations.

193.    Paragraph 193 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 193 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient

to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 193 is deemed to contain allegations against Walmart, Walmart denies such allegations.

194.    Paragraph 194 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 194 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 194 is deemed to contain allegations against Walmart, Walmart denies such allegations.

195.    Paragraph 195 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 195 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 195 is deemed to contain allegations against Walmart, Walmart denies such allegations.

196.    The allegations contained in Paragraph 196 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 196 is deemed to contain allegations against Walmart, Walmart denies such allegations.

197.    The allegations contained in Paragraph 197 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 197 is deemed to contain allegations against Walmart, Walmart denies such allegations.

198.    The allegations contained in Paragraph 198 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 198 is deemed to contain allegations against Walmart, Walmart denies such allegations.

199.    The allegations contained in Paragraph 199 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 199 is deemed to contain allegations against Walmart, Walmart denies such allegations.

200.    The allegations contained in Paragraph 200 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 200 is deemed to contain allegations against Walmart, Walmart denies such allegations.

201.    The allegations contained in Paragraph 201 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 201 is deemed to contain allegations against Walmart, Walmart denies such allegations.

202.    The allegations contained in Paragraph 202 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 202 is deemed to contain allegations against Walmart, Walmart denies such allegations.

203.    The allegations contained in Paragraph 203 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 203 is deemed to contain allegations against Walmart, Walmart denies such allegations.

204.    The allegations contained in Paragraph 204 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 204 is deemed to contain allegations against Walmart, Walmart denies such allegations.

205.    The allegations contained in Paragraph 205 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 205 is deemed to contain allegations against Walmart, Walmart denies such allegations.

206.    The allegations contained in Paragraph 206 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 206 is deemed to contain allegations against Walmart, Walmart denies such allegations.

207.    The allegations contained in Paragraph 207 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 207 is deemed to contain allegations against Walmart, Walmart denies such allegations.

208.    The allegations contained in Paragraph 208 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 208 is deemed to contain allegations against Walmart, Walmart denies such allegations.

209.    The allegations contained in Paragraph 209 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 209 is deemed to contain allegations against Walmart, Walmart denies such allegations.

210.    The allegations contained in Paragraph 210 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 210 is deemed to contain allegations against Walmart, Walmart denies such allegations.

211.    The allegations contained in Paragraph 211 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 211 is deemed to contain allegations against Walmart, Walmart denies such allegations.

212.     The allegations contained in Paragraph 212 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 212 is deemed to contain allegations against Walmart, Walmart denies such allegations.

213.     The allegations contained in Paragraph 213 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 213 is deemed to contain allegations against Walmart, Walmart denies such allegations.

214.     The allegations contained in Paragraph 214 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 214 is deemed to contain allegations against Walmart, Walmart denies such allegations.

215.     The allegations contained in Paragraph 215 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 215 is deemed to contain allegations against Walmart, Walmart denies such allegations.

216.    The allegations contained in Paragraph 216 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 216 is deemed to contain allegations against Walmart, Walmart denies such allegations.

217.    The allegations contained in Paragraph 217 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 217 is deemed to contain allegations against Walmart, Walmart denies such allegations.

218.    The allegations contained in Paragraph 218 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 218 is deemed to contain allegations against Walmart, Walmart denies such allegations.

219.    The allegations contained in Paragraph 219 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 219 is deemed to contain allegations against Walmart, Walmart denies such allegations.

220.    The allegations contained in Paragraph 220 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 220 is deemed to contain allegations against Walmart, Walmart denies such allegations.

221.    The allegations contained in Paragraph 221 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 221 is deemed to contain allegations against Walmart, Walmart denies such allegations.

222.    Paragraph 222 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 222 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 222 is deemed to contain allegations against Walmart, Walmart denies such allegations.

223.    The allegations contained in Paragraph 223 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 223 is deemed to contain allegations against Walmart, Walmart denies such allegations.

224.    The allegations contained in Paragraph 224 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 224 is deemed to contain allegations against Walmart, Walmart denies such allegations.

225.    The allegations contained in Paragraph 225 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 225 is deemed to contain allegations against Walmart, Walmart denies such allegations.

226.    The allegations contained in Paragraph 226 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 226 is deemed to contain allegations against Walmart, Walmart denies such allegations.

227.    The allegations contained in Paragraph 227 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 227 is deemed to contain allegations against Walmart, Walmart denies such allegations.

228.    The allegations contained in Paragraph 228 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 228 is deemed to contain allegations against Walmart, Walmart denies such allegations.

229.    The allegations contained in Paragraph 229 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 229 is deemed to contain allegations against Walmart, Walmart denies such allegations.

230.    The allegations contained in Paragraph 230 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 230 is deemed to contain allegations against Walmart, Walmart denies such allegations.

231.    The allegations contained in Paragraph 231 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 231 is deemed to contain allegations against Walmart, Walmart denies such allegations.

232.    Walmart denies the allegations contained in Paragraph 232 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 232 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

233.    The allegations contained in Paragraph 233 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 233 is deemed to contain allegations against Walmart, Walmart denies such allegations.

234.    The allegations contained in Paragraph 234 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 234 is deemed to contain allegations against Walmart, Walmart denies such allegations.

235.    The allegations contained in Paragraph 235 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 235 is deemed to contain allegations against Walmart, Walmart denies such allegations.

236.    The allegations contained in Paragraph 236 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 236 is deemed to contain allegations against Walmart, Walmart denies such allegations.

237.    The allegations contained in Paragraph 237 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 237 is deemed to contain allegations against Walmart, Walmart denies such allegations.

238.    The allegations contained in Paragraph 238 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 238 is deemed to contain allegations against Walmart, Walmart denies such allegations.

239.    The allegations contained in Paragraph 239 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 239 is deemed to contain allegations against Walmart, Walmart denies such allegations.

240.    The allegations contained in Paragraph 240 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 240 is deemed to contain allegations against Walmart, Walmart denies such allegations.

241.    Paragraph 241 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 241 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 241 is deemed to contain allegations against Walmart, Walmart denies such allegations.

242.    The allegations contained in Paragraph 242 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 242 is deemed to contain allegations against Walmart, Walmart denies such allegations.

243.    The allegations contained in Paragraph 243 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 243 is deemed to contain allegations against Walmart, Walmart denies such allegations.

244.    The allegations contained in Paragraph 244 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 244 is deemed to contain allegations against Walmart, Walmart denies such allegations.

245.    The allegations contained in Paragraph 245 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 245 is deemed to contain allegations against Walmart, Walmart denies such allegations.

246.    The allegations contained in Paragraph 246 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 246 is deemed to contain allegations against Walmart, Walmart denies such allegations.

247.    The allegations contained in Paragraph 247 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 247 is deemed to contain allegations against Walmart, Walmart denies such allegations.

248.    Paragraph 248 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, allegations contained in Paragraph 248 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 248 is deemed to contain allegations against Walmart, Walmart denies such allegations.

249.    The allegations contained in Paragraph 249 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 249 is deemed to contain allegations against Walmart, Walmart denies such allegations.

250.     Paragraph 250 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 250 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 250 is deemed to contain allegations against Walmart, Walmart denies such allegations.

251.     Paragraph 251 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 251 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 251 is deemed to contain allegations against Walmart, Walmart denies such allegations.

252.     The allegations contained in Paragraph 252 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 252 is deemed to contain allegations against Walmart, Walmart denies such allegations.

253.    Paragraph 253 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 253 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 253 is deemed to contain allegations against Walmart, Walmart denies such allegations.

254.    Paragraph 254 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 254 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 254 is deemed to contain allegations against Walmart, Walmart denies such allegations.

255.    The allegations contained in Paragraph 255 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 255 is deemed to contain allegations against Walmart, Walmart denies such allegations.

256.    The allegations contained in Paragraph 256 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 256 is deemed to contain allegations against Walmart, Walmart denies such allegations.

257.    The allegations contained in Paragraph 257 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 257 is deemed to contain allegations against Walmart, Walmart denies such allegations.

258.    Paragraph 258 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 258 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 258 is deemed to contain allegations against Walmart, Walmart denies such allegations.

259.    Paragraph 259 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 259 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient

to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 259 is deemed to contain allegations against Walmart, Walmart denies such allegations.

260.    The allegations contained in Paragraph 260 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 260 is deemed to contain allegations against Walmart, Walmart denies such allegations.

261.    Paragraph 261 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 261 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 261 is deemed to contain allegations against Walmart, Walmart denies such allegations.

262.    The allegations contained in Paragraph 262 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 262 is deemed to contain allegations against Walmart, Walmart denies such allegations.

263.    The allegations contained in Paragraph 263 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 263 is deemed to contain allegations against Walmart, Walmart denies such allegations.

264.    The allegations contained in Paragraph 264 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 264 is deemed to contain allegations against Walmart, Walmart denies such allegations.

265.    The allegations contained in Paragraph 265 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 265 is deemed to contain allegations against Walmart, Walmart denies such allegations.

266.    The allegations contained in Paragraph 266 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 266 is deemed to contain allegations against Walmart, Walmart denies such allegations.

267.    The allegations contained in Paragraph 267 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 267 is deemed to contain allegations against Walmart, Walmart denies such allegations.

268.    The allegations contained in Paragraph 268 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 268 is deemed to contain allegations against Walmart, Walmart denies such allegations.

269.    The allegations contained in Paragraph 269 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 269 is deemed to contain allegations against Walmart, Walmart denies such allegations.

270.    Paragraph 270 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 270 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a

response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 270 is deemed to contain allegations against Walmart, Walmart denies such allegations.

271.     Paragraph 271 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 271 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 271 is deemed to contain allegations against Walmart, Walmart denies such allegations.

272.     Paragraph 272 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 272 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 272 is deemed to contain allegations against Walmart, Walmart denies such allegations.

273.     Paragraph 273 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 273 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P.

8(b)(5). Moreover, to the extent Paragraph 273 is deemed to contain allegations against Walmart, Walmart denies such allegations.

274.    Paragraph 274 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 274 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 274 is deemed to contain allegations against Walmart, Walmart denies such allegations.

275.    Paragraph 275 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 275 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 275 is deemed to contain allegations against Walmart, Walmart denies such allegations.

276.    The allegations contained in Paragraph 276 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 276 is deemed to contain allegations against Walmart, Walmart denies such allegations.

277.    Paragraph 277 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 277 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 277 is deemed to contain allegations against Walmart, Walmart denies such allegations.

278.    The allegations contained in Paragraph 278 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 278 is deemed to contain allegations against Walmart, Walmart denies such allegations.

279.    The allegations contained in Paragraph 279 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 279 is deemed to contain allegations against Walmart, Walmart denies such allegations.

280.    Paragraph 280 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 280 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient

to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 280 is deemed to contain allegations against Walmart, Walmart denies such allegations.

281.    Paragraph 281 refers to documents which speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 281 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 281 is deemed to contain allegations against Walmart, Walmart denies such allegations.

282.    Paragraph 282 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 282 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 282 is deemed to contain allegations against Walmart, Walmart denies such allegations.

283.    Paragraph 283 refers to documents which speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 283 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied

under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 283 is deemed to contain allegations against Walmart, Walmart denies such allegations.

284.     Paragraph 284 refers to documents which speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 284 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 284 is deemed to contain allegations against Walmart, Walmart denies such allegations.

285.     The allegations contained in Paragraph 285 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 285 is deemed to contain allegations against Walmart, Walmart denies such allegations.

286.     Paragraph 286 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 286 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 286 is deemed to contain allegations against Walmart, Walmart denies such allegations.

287.    Paragraph 287 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 287 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 287 is deemed to contain allegations against Walmart, Walmart denies such allegations.

288.    Paragraph 288 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 288 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 288 is deemed to contain allegations against Walmart, Walmart denies such allegations.

289.    Paragraph 289 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 289 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 289 is deemed to contain allegations against Walmart, Walmart denies such allegations.

290.    The allegations contained in Paragraph 290 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 290 is deemed to contain allegations against Walmart, Walmart denies such allegations.

291.    Paragraph 291 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 291 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 291 is deemed to contain allegations against Walmart, Walmart denies such allegations.

292.    The allegations contained in Paragraph 292 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 292 is deemed to contain allegations against Walmart, Walmart denies such allegations.

293.    The allegations contained in Paragraph 293 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 293 is deemed to contain allegations against Walmart, Walmart denies such allegations.

294.    The allegations contained in Paragraph 294 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 294 is deemed to contain allegations against Walmart, Walmart denies such allegations

295.    The allegations contained in Paragraph 295 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 295 is deemed to contain allegations against Walmart, Walmart denies such allegations.

296.    Paragraph 296 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 296 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 296 is deemed to contain allegations against Walmart, Walmart denies such allegations.

297.    The allegations contained in Paragraph 297 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 297 is deemed to contain allegations against Walmart, Walmart denies such allegations.

298.     The allegations contained in Paragraph 298 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 298 is deemed to contain allegations against Walmart, Walmart denies such allegations.

299.     Paragraph 299 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 299 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 299 is deemed to contain allegations against Walmart, Walmart denies such allegations.

300.     The allegations contained in Paragraph 300 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 300 is deemed to contain allegations against Walmart, Walmart denies such allegations.

301.     The allegations contained in Paragraph 301 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 301 is deemed to contain allegations against Walmart, Walmart denies such allegations.

302.    The allegations contained in Paragraph 302 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 302 is deemed to contain allegations against Walmart, Walmart denies such allegations.

303.    The allegations contained in Paragraph 303 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 303 is deemed to contain allegations against Walmart, Walmart denies such allegations.

304.    The allegations contained in Paragraph 304 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 304 is deemed to contain allegations against Walmart, Walmart denies such allegations.

305.     The allegations contained in Paragraph 305 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 305 is deemed to contain allegations against Walmart, Walmart denies such allegations.

306.     The allegations contained in Paragraph 306 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 306 is deemed to contain allegations against Walmart, Walmart denies such allegations.

307.     The allegations contained in Paragraph 307 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 307 is deemed to contain allegations against Walmart, Walmart denies such allegations.

308.     The allegations contained in Paragraph 308 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 308 is deemed to contain allegations against Walmart, Walmart denies such allegations.

309. Paragraph 309 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 309 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 309 is deemed to contain allegations against Walmart, Walmart denies such allegations.

310. The allegations contained in Paragraph 310 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 310 is deemed to contain allegations against Walmart, Walmart denies such allegations.

311. The allegations contained in Paragraph 311 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 311 is deemed to contain allegations against Walmart, Walmart denies such allegations.

312. The allegations contained in Paragraph 312, including subparts a through e, are not directed toward Walmart and therefore no response from Walmart is required. To the extent a

response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 312 is deemed to contain allegations against Walmart, Walmart denies such allegations.

313.    The allegations contained in Paragraph 313 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 313 is deemed to contain allegations against Walmart, Walmart denies such allegations.

314.    The allegations contained in Paragraph 314 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 314 is deemed to contain allegations against Walmart, Walmart denies such allegations.

315.    The allegations contained in Paragraph 315 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 315 is deemed to contain allegations against Walmart, Walmart denies such allegations.

316.    The allegations contained in Paragraph 316 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 316 is deemed to contain allegations against Walmart, Walmart denies such allegations.

317.    The allegations contained in Paragraph 317 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 317 is deemed to contain allegations against Walmart, Walmart denies such allegations.

318.    The allegations contained in Paragraph 318 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 318 is deemed to contain allegations against Walmart, Walmart denies such allegations.

319.    The allegations contained in Paragraph 319 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 319 is deemed to contain allegations against Walmart, Walmart denies such allegations.

320.    Paragraph 320 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 320 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 320 is deemed to contain allegations against Walmart, Walmart denies such allegations.

321.    The allegations contained in Paragraph 321 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 321 is deemed to contain allegations against Walmart, Walmart denies such allegations.

322.    The allegations contained in Paragraph 322 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 322 is deemed to contain allegations against Walmart, Walmart denies such allegations.

323.    The allegations contained in Paragraph 323 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 323 is deemed to contain allegations against Walmart, Walmart denies such allegations.

324.    The allegations contained in Paragraph 324 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 324 is deemed to contain allegations against Walmart, Walmart denies such allegations.

325.    The allegations contained in Paragraph 325 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 325 is deemed to contain allegations against Walmart, Walmart denies such allegations.

326.    The allegations contained in Paragraph 326 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 326 is deemed to contain allegations against Walmart, Walmart denies such allegations.

327.    Paragraph 327 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 327 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 327 is deemed to contain allegations against Walmart, Walmart denies such allegations.

328.    Paragraph 328 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 328 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 328 is deemed to contain allegations against Walmart, Walmart denies such allegations.

329.    The allegations contained in Paragraph 329 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 329 is deemed to contain allegations against Walmart, Walmart denies such allegations.

330.    The allegations contained in Paragraph 330 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 330 is deemed to contain allegations against Walmart, Walmart denies such allegations.

331.    Paragraph 331 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 331 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 331 is deemed to contain allegations against Walmart, Walmart denies such allegations.

332.    Paragraph 332 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 332 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 332 is deemed to contain allegations against Walmart, Walmart denies such allegations.

333.    Paragraph 333 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 333 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R.

Civ. P. 8(b)(5). Moreover, to the extent Paragraph 333 is deemed to contain allegations against Walmart, Walmart denies such allegations.

334.    The allegations contained in Paragraph 334 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 334 is deemed to contain allegations against Walmart, Walmart denies such allegations.

335.    The allegations contained in Paragraph 335 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 335 is deemed to contain allegations against Walmart, Walmart denies such allegations.

336.    Paragraph 336 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 336 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 336 is deemed to contain allegations against Walmart, Walmart denies such allegations.

337.    The allegations contained in Paragraph 337 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 337 is deemed to contain allegations against Walmart, Walmart denies such allegations.

338.    The allegations contained in Paragraph 338 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 338 is deemed to contain allegations against Walmart, Walmart denies such allegations.

339.    The allegations contained in Paragraph 339 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 339 is deemed to contain allegations against Walmart, Walmart denies such allegations.

340.    The allegations contained in Paragraph 340 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 340 is deemed to contain allegations against Walmart, Walmart denies such allegations.

341.    Paragraph 341 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 341 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 341 is deemed to contain allegations against Walmart, Walmart denies such allegations.

342.    Paragraph 342 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 342 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 342 is deemed to contain allegations against Walmart, Walmart denies such allegations.

343.    The allegations contained in Paragraph 343 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 343 is deemed to contain allegations against Walmart, Walmart denies such allegations.

344.    The allegations contained in Paragraph 344 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 344 is deemed to contain allegations against Walmart, Walmart denies such allegations.

345.    The allegations contained in Paragraph 345 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 345 is deemed to contain allegations against Walmart, Walmart denies such allegations.

346.    Paragraph 346 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 346 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 346 is deemed to contain allegations against Walmart, Walmart denies such allegations.

347.    Paragraph 347 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 347 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 347 is deemed to contain allegations against Walmart, Walmart denies such allegations.

348.     The allegations contained in Paragraph 348 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 348 is deemed to contain allegations against Walmart, Walmart denies such allegations.

349.     The allegations contained in Paragraph 349 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 349 is deemed to contain allegations against Walmart, Walmart denies such allegations.

350.     The allegations contained in Paragraph 350 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 350 is deemed to contain allegations against Walmart, Walmart denies such allegations.

351.     The allegations contained in Paragraph 351 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 351 is deemed to contain allegations against Walmart, Walmart denies such allegations.

352.     Paragraph 352 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 352 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 352 is deemed to contain allegations against Walmart, Walmart denies such allegations.

353.     Paragraph 353 refers to documents that speaks for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 353 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 353 is deemed to contain allegations against Walmart, Walmart denies such allegations.

354.     Paragraph 354 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 354 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 354 is deemed to contain allegations against Walmart, Walmart denies such allegations.

355.     Paragraph 355 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 355 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 355 is deemed to contain allegations against Walmart, Walmart denies such allegations.

356.     The allegations contained in Paragraph 356 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 356 is deemed to contain allegations against Walmart, Walmart denies such allegations.

357.     The allegations contained in Paragraph 357 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 357 is deemed to contain allegations against Walmart, Walmart denies such allegations.

358.     The allegations contained in Paragraph 358 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 358 is deemed to contain allegations against Walmart, Walmart denies such allegations.

359.    The allegations contained in Paragraph 359 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 359 is deemed to contain allegations against Walmart, Walmart denies such allegations.

360.    The allegations contained in Paragraph 360 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 360 is deemed to contain allegations against Walmart, Walmart denies such allegations.

361.    The allegations contained in Paragraph 361 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 361 is deemed to contain allegations against Walmart, Walmart denies such allegations.

362.    The allegations contained in Paragraph 362 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 362 is deemed to contain allegations against Walmart, Walmart denies such allegations.

363.    The allegations contained in Paragraph 363 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 363 is deemed to contain allegations against Walmart, Walmart denies such allegations.

364.    The allegations contained in Paragraph 364 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 364 is deemed to contain allegations against Walmart, Walmart denies such allegations.

365.    Paragraph 365 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 365 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 365 is deemed to contain allegations against Walmart, Walmart denies such allegations.

366.    The allegations contained in Paragraph 366 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 366 is deemed to contain allegations against Walmart, Walmart denies such allegations.

367.    Paragraph 367 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 367 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 367 is deemed to contain allegations against Walmart, Walmart denies such allegations.

368.    The allegations contained in Paragraph 368 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 368 is deemed to contain allegations against Walmart, Walmart denies such allegations.

369.    The allegations contained in Paragraph 369 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 369 is deemed to contain allegations against Walmart, Walmart denies such allegations.

370.   The allegations contained in Paragraph 370 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 370 is deemed to contain allegations against Walmart, Walmart denies such allegations.

371.   The allegations contained in Paragraph 371 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 371 is deemed to contain allegations against Walmart, Walmart denies such allegations.

372.   The allegations contained in Paragraph 372 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 372 is deemed to contain allegations against Walmart, Walmart denies such allegations.

373.   The allegations contained in Paragraph 373 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 373 is deemed to contain allegations against Walmart, Walmart denies such allegations.

374.    Paragraph 374 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 374 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 374 is deemed to contain allegations against Walmart, Walmart denies such allegations.

375.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 375; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

376.    The allegations contained in Paragraph 376 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 376 is deemed to contain allegations against Walmart, Walmart denies such allegations.

377.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 377; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

378.   Walmart denies the allegations contained in Paragraph 378 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 378 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

379.   The allegations contained in Paragraph 379 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 379 is deemed to contain allegations against Walmart, Walmart denies such allegations.

380.   The allegations contained in Paragraph 380 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 380 is deemed to contain allegations against Walmart, Walmart denies such allegations.

381.   The allegations contained in Paragraph 381 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 381 is deemed to contain allegations against Walmart, Walmart denies such allegations.

382. The allegations contained in Paragraph 382 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 382 is deemed to contain allegations against Walmart, Walmart denies such allegations.

383. Paragraph 383 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 383 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 383 is deemed to contain allegations against Walmart, Walmart denies such allegations.

384. Paragraph 384 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 384 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 384 is deemed to contain allegations against Walmart, Walmart denies such allegations.

385. Paragraph 385 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 385 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a

response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 385 is deemed to contain allegations against Walmart, Walmart denies such allegations.

386.    Paragraph 386 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 386 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 386 is deemed to contain allegations against Walmart, Walmart denies such allegations.

387.    Paragraph 387 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 387 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 387 is deemed to contain allegations against Walmart, Walmart denies such allegations.

388.    Paragraph 388 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 388 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R.

Civ. P. 8(b)(5). Moreover, to the extent Paragraph 388 is deemed to contain allegations against Walmart, Walmart denies such allegations.

389.    The allegations contained in Paragraph 389 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 389 is deemed to contain allegations against Walmart, Walmart denies such allegations.

390.    Paragraph 390 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 390 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 390 is deemed to contain allegations against Walmart, Walmart denies such allegations.

391.    Paragraph 391 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 391 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 391 is deemed to contain allegations against Walmart, Walmart denies such allegations.

392.    Paragraph 392 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 392 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 392 is deemed to contain allegations against Walmart, Walmart denies such allegations.

393.    Paragraph 393 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 393 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 393 is deemed to contain allegations against Walmart, Walmart denies such allegations.

394.    The allegations contained in Paragraph 394 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 394 is deemed to contain allegations against Walmart, Walmart denies such allegations.

395.    The allegations contained in Paragraph 395 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 395 is deemed to contain allegations against Walmart, Walmart denies such allegations.

396.    The allegations contained in Paragraph 396 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 396 is deemed to contain allegations against Walmart, Walmart denies such allegations.

397.    The allegations contained in Paragraph 397 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 397 is deemed to contain allegations against Walmart, Walmart denies such allegations.

398.    The allegations contained in Paragraph 398 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 398 is deemed to contain allegations against Walmart, Walmart denies such allegations.

399.    The allegations contained in Paragraph 399 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 399 is deemed to contain allegations against Walmart, Walmart denies such allegations.

400.    The allegations contained in Paragraph 400 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 400 is deemed to contain allegations against Walmart, Walmart denies such allegations.

401.    The allegations contained in Paragraph 401 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 401 is deemed to contain allegations against Walmart, Walmart denies such allegations.

402.    The allegations contained in Paragraph 402 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 402 is deemed to contain allegations against Walmart, Walmart denies such allegations.

403.    The allegations contained in Paragraph 403 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 403 is deemed to contain allegations against Walmart, Walmart denies such allegations.

404.    Paragraph 404 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 404 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 404 is deemed to contain allegations against Walmart, Walmart denies such allegations.

405.    Paragraph 405 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 405 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 405 is deemed to contain allegations against Walmart, Walmart denies such allegations.

406.    Paragraph 406 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 406 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a

response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 406 is deemed to contain allegations against Walmart, Walmart denies such allegations.

407.    Paragraph 407 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 407 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 407 is deemed to contain allegations against Walmart, Walmart denies such allegations.

408.    The allegations contained in Paragraph 408 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 408 is deemed to contain allegations against Walmart, Walmart denies such allegations.

409.    Paragraph 409 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 409 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R.

Civ. P. 8(b)(5). Moreover, to the extent Paragraph 409 is deemed to contain allegations against Walmart, Walmart denies such allegations.

410.    Paragraph 410 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 410 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 410 is deemed to contain allegations against Walmart, Walmart denies such allegations.

411.    Paragraph 411 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 411 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 411 is deemed to contain allegations against Walmart, Walmart denies such allegations.

412.    The allegations contained in Paragraph 412 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 412 is deemed to contain allegations against Walmart, Walmart denies such allegations.

413.    The allegations contained in Paragraph 413 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 413 is deemed to contain allegations against Walmart, Walmart denies such allegations.

414.    The allegations contained in Paragraph 414 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 414 is deemed to contain allegations against Walmart, Walmart denies such allegations.

415.    The allegations contained in Paragraph 415 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 415 is deemed to contain allegations against Walmart, Walmart denies such allegations.

416.    The allegations contained in Paragraph 416 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 416 is deemed to contain allegations against Walmart, Walmart denies such allegations.

417.     The allegations contained in Paragraph 417 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 417 is deemed to contain allegations against Walmart, Walmart denies such allegations.

418.     The allegations contained in Paragraph 418 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 418 is deemed to contain allegations against Walmart, Walmart denies such allegations.

419.     The allegations contained in Paragraph 419 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 419 is deemed to contain allegations against Walmart, Walmart denies such allegations.

420.     Paragraph 420 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 420 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a

response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 420 is deemed to contain allegations against Walmart, Walmart denies such allegations.

421.    Paragraph 421 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 421 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 421 is deemed to contain allegations against Walmart, Walmart denies such allegations.

422.    Paragraph 422 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 422 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 422 is deemed to contain allegations against Walmart, Walmart denies such allegations.

423.    Paragraph 423 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 423 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R.

Civ. P. 8(b)(5). Moreover, to the extent Paragraph 423 is deemed to contain allegations against Walmart, Walmart denies such allegations.

424.     Paragraph 424 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 424 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 424 is deemed to contain allegations against Walmart, Walmart denies such allegations.

425.     The allegations contained in Paragraph 425 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 425 is deemed to contain allegations against Walmart, Walmart denies such allegations.

426.     Paragraph 426 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 426 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 426 is deemed to contain allegations against Walmart, Walmart denies such allegations.

427.    Paragraph 427 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 427 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 427 is deemed to contain allegations against Walmart, Walmart denies such allegations.

428.    Paragraph 428 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 428 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 428 is deemed to contain allegations against Walmart, Walmart denies such allegations.

429.    The allegations contained in Paragraph 429 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 429 is deemed to contain allegations against Walmart, Walmart denies such allegations.

430.    The allegations contained in Paragraph 430 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 430 is deemed to contain allegations against Walmart, Walmart denies such allegations.

431.    The allegations contained in Paragraph 431 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 431 is deemed to contain allegations against Walmart, Walmart denies such allegations.

432.    The allegations contained in Paragraph 432 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 432 is deemed to contain allegations against Walmart, Walmart denies such allegations.

433.    The allegations contained in Paragraph 433 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 433 is deemed to contain allegations against Walmart, Walmart denies such allegations.

434.    The allegations contained in Paragraph 434 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 434 is deemed to contain allegations against Walmart, Walmart denies such allegations.

435.     Paragraph 435 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 435 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 435 is deemed to contain allegations against Walmart, Walmart denies such allegations.

436.     The allegations contained in Paragraph 436 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 436 is deemed to contain allegations against Walmart, Walmart denies such allegations.

437.     The allegations contained in Paragraph 437 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 437 is deemed to contain allegations against Walmart, Walmart denies such allegations.

438.    The allegations contained in Paragraph 438 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 438 is deemed to contain allegations against Walmart, Walmart denies such allegations.

439.    Paragraph 439 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 439 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 439 is deemed to contain allegations against Walmart, Walmart denies such allegations.

440.    The allegations contained in Paragraph 440 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 440 is deemed to contain allegations against Walmart, Walmart denies such allegations.

441.    The allegations contained in Paragraph 441 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 441 is deemed to contain allegations against Walmart, Walmart denies such allegations.

442.    The allegations contained in Paragraph 442 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 442 is deemed to contain allegations against Walmart, Walmart denies such allegations.

443.    Paragraph 443 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 443 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 443 is deemed to contain allegations against Walmart, Walmart denies such allegations.

444.    The allegations contained in Paragraph 444 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 444 is deemed to contain allegations against Walmart, Walmart denies such allegations.

445.    The allegations contained in Paragraph 445 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 445 is deemed to contain allegations against Walmart, Walmart denies such allegations.

446. The allegations contained in Paragraph 446 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 446 is deemed to contain allegations against Walmart, Walmart denies such allegations.

447. The allegations contained in Paragraph 447 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 447 is deemed to contain allegations against Walmart, Walmart denies such allegations.

448. The allegations contained in Paragraph 448 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 448 is deemed to contain allegations against Walmart, Walmart denies such allegations.

449.    The allegations contained in Paragraph 449 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 449 is deemed to contain allegations against Walmart, Walmart denies such allegations.

450.    The allegations contained in Paragraph 450 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 450 is deemed to contain allegations against Walmart, Walmart denies such allegations.

451.    Paragraph 451 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 451 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 451 is deemed to contain allegations against Walmart, Walmart denies such allegations.

452.    The allegations contained in Paragraph 452 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 452 is deemed to contain allegations against Walmart, Walmart denies such allegations.

453.    The allegations contained in Paragraph 453 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 453 is deemed to contain allegations against Walmart, Walmart denies such allegations.

454.    The allegations contained in Paragraph 454 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 454 is deemed to contain allegations against Walmart, Walmart denies such allegations.

455.    The allegations contained in Paragraph 455 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 455 is deemed to contain allegations against Walmart, Walmart denies such allegations.

456.    Paragraph 456 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 456 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to

such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 456 is deemed to contain allegations against Walmart, Walmart denies such allegations.

457.    Paragraph 457 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 457 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 457 is deemed to contain allegations against Walmart, Walmart denies such allegations.

458.    Paragraph 458 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 458 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 458 is deemed to contain allegations against Walmart, Walmart denies such allegations.

459.    Paragraph 459 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 459 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P.

8(b)(5). Moreover, to the extent Paragraph 459 is deemed to contain allegations against Walmart, Walmart denies such allegations.

460.    The allegations contained in Paragraph 460 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 460 is deemed to contain allegations against Walmart, Walmart denies such allegations.

461.    The allegations contained in Paragraph 461 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 461 is deemed to contain allegations against Walmart, Walmart denies such allegations.

462.    The allegations contained in Paragraph 462 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 462 is deemed to contain allegations against Walmart, Walmart denies such allegations.

463.    The allegations contained in Paragraph 463 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 463 is deemed to contain allegations against Walmart, Walmart denies such allegations.

464.    The allegations contained in Paragraph 464 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 464 is deemed to contain allegations against Walmart, Walmart denies such allegations.

465.    The allegations contained in Paragraph 465 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 465 is deemed to contain allegations against Walmart, Walmart denies such allegations.

466.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 466; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

467.    The allegations contained in Paragraph 467 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 467 is deemed to contain allegations against Walmart, Walmart denies such allegations.

468.  The allegations contained in Paragraph 468 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 468 is deemed to contain allegations against Walmart, Walmart denies such allegations.

469.  Paragraph 469 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 469; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

470.  The allegations contained in Paragraph 470 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 470 is deemed to contain allegations against Walmart, Walmart denies such allegations.

471.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 471; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

472.  The allegations contained in Paragraph 472 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 472 is deemed to contain allegations against Walmart, Walmart denies such allegations.

473.    The allegations contained in Paragraph 473 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 473 is deemed to contain allegations against Walmart, Walmart denies such allegations.

474.    The allegations contained in Paragraph 474 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 474 is deemed to contain allegations against Walmart, Walmart denies such allegations.

475.    Paragraph 475 refers to a document that speaks for itself and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 475 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 475 is deemed to contain allegations against Walmart, Walmart denies such allegations.

476.    The allegations contained in Paragraph 476 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 476 is deemed to contain allegations against Walmart, Walmart denies such allegations.

477.    The allegations contained in Paragraph 477 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 477 is deemed to contain allegations against Walmart, Walmart denies such allegations.

478.    The allegations contained in Paragraph 478 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 478 is deemed to contain allegations against Walmart, Walmart denies such allegations.

479.    Paragraph 479 refers to a document that speaks for itself and Walmart denies any characterizations thereof. Further, the To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the

extent Paragraph 479 is deemed to contain allegations against Walmart, Walmart denies such allegations.

480. Paragraph 480 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 480 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 480 is deemed to contain allegations against Walmart, Walmart denies such allegations.

481. The allegations contained in Paragraph 481 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 481 is deemed to contain allegations against Walmart, Walmart denies such allegations.

482. The allegations contained in Paragraph 482 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 482 is deemed to contain allegations against Walmart, Walmart denies such allegations.

483. The allegations contained in Paragraph 483 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 483 is deemed to contain allegations against Walmart, Walmart denies such allegations.

484.    The allegations contained in Paragraph 484 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 484 is deemed to contain allegations against Walmart, Walmart denies such allegations.

485.    The allegations contained in Paragraph 485 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 485 is deemed to contain allegations against Walmart, Walmart denies such allegations.

486.    Paragraph 486 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 486 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 486 is deemed to contain allegations against Walmart, Walmart denies such allegations.

487.     [Paragraph Stricken and Moved]

488.     The allegations contained in Paragraph 488 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 488 is deemed to contain allegations against Walmart, Walmart denies such allegations.

489.     The allegations contained in Paragraph 489 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 489 is deemed to contain allegations against Walmart, Walmart denies such allegations.

490.     Paragraph 490 refers to documents that speaks for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 490 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 490 is deemed to contain allegations against Walmart, Walmart denies such allegations.

491.     The allegations contained in Paragraph 491 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 491 is deemed to contain allegations against Walmart, Walmart denies such allegations.

492.    The allegations contained in Paragraph 492 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 492 is deemed to contain allegations against Walmart, Walmart denies such allegations.

493.    The allegations contained in Paragraph 493 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 493 is deemed to contain allegations against Walmart, Walmart denies such allegations.

494.    The allegations contained in Paragraph 494 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 494 is deemed to contain allegations against Walmart, Walmart denies such allegations.

495.    Paragraph 495 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 495 are not directed

toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 495 is deemed to contain allegations against Walmart, Walmart denies such allegations.

496.     Paragraph 496 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 496 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 496 is deemed to contain allegations against Walmart, Walmart denies such allegations.

497.     [Paragraph Stricken and Moved]

498.     Paragraph 498 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 498 and further denies the allegations contained in Paragraph 498 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 498 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

499.     Walmart denies the allegations contained in Paragraph 499 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 499 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such

allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

500.    Paragraph 500 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 500 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 500 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

487.    The allegations contained in Paragraph 487 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 487 is deemed to contain allegations against Walmart, Walmart denies such allegations.

497.    The allegations contained in Paragraph 497 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 497 is deemed to contain allegations against Walmart, Walmart denies such allegations.

501.    Paragraph 501 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 501 and

further denies the allegations contained in Paragraph 501 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 501 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

502.    Paragraph 502 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 502 and further denies the allegations contained in Paragraph 502 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 502 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

503.    Paragraph 503 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 503 and further denies the allegations contained in Paragraph 503 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 503 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

504.    Paragraph 504 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 504 and further denies the allegations contained in Paragraph 504 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 504 are not directed toward Walmart and therefore

no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

505.    Paragraph 505 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 505 and further denies the allegations contained in Paragraph 505 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 505 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

506.    Paragraph 506 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 506 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 506 is deemed to contain allegations against Walmart, Walmart denies such allegations.

507.    Paragraph 507 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 507 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied

under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 507 is deemed to contain allegations against Walmart, Walmart denies such allegations.

508.    Paragraph 508 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 508 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 508 is deemed to contain allegations against Walmart, Walmart denies such allegations.

509.    Paragraph 509 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 509 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 509 is deemed to contain allegations against Walmart, Walmart denies such allegations.

510.    Paragraph 510 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 510 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 510 is deemed to contain allegations against Walmart, Walmart denies such allegations.

511.     Paragraph 511 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 511 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 511 is deemed to contain allegations against Walmart, Walmart denies such allegations.

512.     Paragraph 512 purports to contain a paraphrasing of a law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 512 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 512 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

513.     Paragraph 513 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 513 and further denies the allegations contained in Paragraph 513 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 513 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

514.     Paragraph 514 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 514 and

further denies the allegations contained in Paragraph 514 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 514 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

515.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 515 as they apply to Walmart; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Further, the remaining allegations contained in Paragraph 515 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

516.    The allegations contained in Paragraph 516 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 516 is deemed to contain allegations against Walmart, Walmart denies such allegations.

517.    Paragraph 517 purports to contain a paraphrasing of a law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 517 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 517 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without

knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

518.    Paragraph 518 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 518 and further denies the allegations contained in Paragraph 518 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 518 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

519.    Walmart denies the allegations contained in Paragraph 519 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 519 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

520.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 520; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

521.    The allegations contained in Paragraph 521 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 521 is deemed to contain allegations against Walmart, Walmart denies such allegations.

522.    Walmart denies the allegations contained in Paragraph 522 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 522 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

523.    Walmart denies the allegations contained in Paragraph 523 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 523 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

524.    Paragraph 524 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 524 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 524 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

525.    Paragraph 525 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 525 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 525 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient

to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

526.    Walmart denies the allegations contained in Paragraph 526 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 526 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

527.    Walmart denies the allegations contained in Paragraph 527 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 527 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Additionally, Paragraph 527 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart denies the remaining allegations contained in Paragraph 527.

528.    Walmart denies the allegations contained in Paragraph 528 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 528 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

529.    Walmart denies the allegations contained in Paragraph 529 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 529 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief

as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Additionally, Paragraph 529 refers to a document that speaks for itself, and Walmart denies any characterizations thereof.

530.     Walmart denies the allegations contained in Paragraph 530 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 530 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

531.     Walmart denies the allegations contained in Paragraph 531 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 531 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

532.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 532; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

533.     Paragraph 533 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart denies the remaining allegations contained in Paragraph 533.

534.     Walmart denies the allegations contained in Paragraph 534 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 534 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

535.     Paragraph 535 refers to a document that speaks for itself and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 535 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 535 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

536.     Paragraph 536 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 536 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 536 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

537.     Paragraph 537 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 537 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 537 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

538.     Paragraph 538 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 538 as

they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 538 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

539.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 539; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

540.    Paragraph 540 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Walmart admits that the HDA offers conferences. Walmart denies the remaining allegations contained in Paragraph 540 as they apply to Walmart. Further, Walmart is not required to respond to the remaining allegations contained in Paragraph 540 that are not directed toward Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

541.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 541; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

542.    Paragraph 542 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 542 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 542 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient

to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

543.    Paragraph 543 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 543 and further denies the allegations contained in Paragraph 543 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 543 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

544.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 544; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

545.    Paragraph 545 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 545 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 545 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

546.    Paragraph 546 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 546 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 546 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a

response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

547. [Paragraph Stricken]

548. Walmart denies the allegations contained in Paragraph 548 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 548 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

549. Walmart denies the allegations contained in Paragraph 549 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 549 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

550. Walmart denies the allegations contained in Paragraph 550 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 550 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

551. Paragraph 551 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the allegations contained in Paragraph 551 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 551 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to

such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

552.    Paragraph 552 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the allegations contained in Paragraph 552 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 552 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

553.    Walmart denies the allegations contained in Paragraph 553 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 553 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

554.    Walmart denies the allegations contained in Paragraph 554 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 554 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

555.    Walmart denies the allegations contained in Paragraph 555 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 555 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such

allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

556.    Walmart denies the allegations contained in Paragraph 556, including subparts a through e, as they apply to Walmart. Further, the remaining allegations contained in Paragraph 556 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. Civ. P. 8(b)(5).

557.    Walmart denies the allegations contained in Paragraph 557 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 557 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

558.    Walmart admits that IMS Health, QuintilesIMS, and IQVIA provided Walmart with certain prescriber and patient data related to prescription medication at certain times. Walmart denies the remaining allegations contained in Paragraph 558 as they apply to Walmart. Further, Walmart is not required to respond to the remaining allegations contained in Paragraph 558 that are not directed toward Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

559.    Paragraph 559 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 559 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 559 are not

directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

560.    Paragraph 560 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart admits that it has received certain prescriber and patient data related to prescription medication at certain times. Walmart denies the remaining allegations contained in Paragraph 560 as they apply to Walmart. Further, Walmart is not required to respond to the remaining allegations contained in Paragraph 560 that are not directed toward Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

561.    Walmart denies the allegations contained in Paragraph 561 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 561 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

562.    Walmart denies the allegations contained in Paragraph 562 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 562 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

563.    Walmart denies the allegations contained in Paragraph 563 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 563 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

564.    [Paragraph Stricken]

565.    Walmart denies the allegations contained in Paragraph 565 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 565 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

566.    Walmart denies the allegations contained in Paragraph 566 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 566 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

567.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 567; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

568.    Walmart denies the allegations contained in Paragraph 568 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 568 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such

allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

569.   Paragraph 569 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 569 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 569 is deemed to contain allegations against Walmart, Walmart denies such allegations.

570.   Walmart denies the allegations contained in Paragraph 570 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 570 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

571.   Walmart denies the allegations contained in Paragraph 571 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 571 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

572.   The allegations contained in Paragraph 572 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 572 is deemed to contain allegations against Walmart, Walmart denies such allegations.

573.    Walmart denies the allegations contained in Paragraph 573 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 573 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

574.    Walmart denies the allegations contained in Paragraph 574 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 574 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

575.    The allegations contained in Paragraph 575 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 575 is deemed to contain allegations against Walmart, Walmart denies such allegations.

576.    Walmart denies the allegations contained in Paragraph 576 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 576 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

577.    The allegations contained in Paragraph 577 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 577 is deemed to contain allegations against Walmart, Walmart denies such allegations.

578.    The allegations contained in Paragraph 578 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 578 is deemed to contain allegations against Walmart, Walmart denies such allegations.

579.    Paragraph 579 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the allegations contained in Paragraph 579 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 579 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

580.    Walmart denies the allegations contained in Paragraph 580 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 580 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such

allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

581.    Paragraph 581 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 581 are not directed toward Walmart and such allegations do not require a response from Walmart. Moreover, to the extent Paragraph 581 is deemed to contain allegations against Walmart, Walmart denies such allegations.

582.    Paragraph 582 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 582 are not directed toward Walmart and such allegations do not require a response from Walmart. Moreover, to the extent Paragraph 582 is deemed to contain allegations against Walmart, Walmart denies such allegations.

583.    Paragraph 583 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 583 are not directed toward Walmart and such allegations do not require a response from Walmart. Moreover, to the extent Paragraph 583 is deemed to contain allegations against Walmart, Walmart denies such allegations.

584.    Paragraph 584 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 584 are not directed toward Walmart and such allegations do not require a response from Walmart. Moreover, to the extent Paragraph 584 is deemed to contain allegations against Walmart, Walmart denies such allegations.

585.    Paragraph 585 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 585 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is otherwise without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 585 is deemed to contain allegations against Walmart, Walmart denies such allegations.

586.    Paragraph 586 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 586 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 586 is deemed to contain allegations against Walmart, Walmart denies such allegations.

587.    Paragraph 587 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 587 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 587 is deemed to contain allegations against Walmart, Walmart denies such allegations.

588.    Paragraph 588 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 588 are not directed

toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 588 is deemed to contain allegations against Walmart, Walmart denies such allegations.

589.     Paragraph 589 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 589 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 589 is deemed to contain allegations against Walmart, Walmart denies such allegations.

590.     Paragraph 590 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 590 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 590 is deemed to contain allegations against Walmart, Walmart denies such allegations.

591.     Paragraph 591 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 591 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient

to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 591 is deemed to contain allegations against Walmart, Walmart denies such allegations.

592.    Paragraph 592 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 592 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 592 is deemed to contain allegations against Walmart, Walmart denies such allegations.

593.    Walmart denies the allegations contained in Paragraph 593 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 593 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

594.    Walmart denies the allegations contained in Paragraph 594 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 594 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

595.    Paragraph 595 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 595 are not directed toward Walmart and such allegations do not require a response from Walmart. Moreover, to the

extent Paragraph 595 is deemed to contain allegations against Walmart, Walmart denies such allegations.

596.    Walmart admits that in May 2018, Walmart expressed its commitment to taking an active role in the fight against our nation's opioid issue. Walmart denies the remaining allegations contained in Paragraph 596 as they apply to Walmart. Further, Walmart is not required to respond to the remaining allegations contained in Paragraph 596 that are not directed toward Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

597.    Paragraph 597 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 597 are not directed toward Walmart and such allegations do not require a response from Walmart. Moreover, to the extent Paragraph 597 is deemed to contain allegations against Walmart, Walmart denies such allegations.

598.    Paragraph 598 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 598 are not directed toward Walmart and such allegations do not require a response from Walmart. Moreover, to the extent Paragraph 598 is deemed to contain allegations against Walmart, Walmart denies such allegations.

599.    Paragraph 599 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart denies that it filed an amicus brief in furtherance of an effort to conceal conduct and avoid detection. Further, the remaining allegations contained in Paragraph 599 are not directed toward Walmart and therefore no response from Walmart is

required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

600.    The allegations contained in Paragraph 600 are not directed toward Walmart and refers to unspecified "similar statements"; therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 600 is deemed to contain allegations against Walmart, Walmart denies such allegations.

601.    Paragraph 601 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 601 are not directed toward Walmart and such allegations do not require a response from Walmart. Moreover, to the extent Paragraph 601 is deemed to contain allegations against Walmart, Walmart denies such allegations.

602.    Paragraph 602 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 602 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 602 is deemed to contain allegations against Walmart, Walmart denies such allegations.

603.    The allegations contained in Paragraph 603 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 603 is deemed to contain allegations against Walmart, Walmart denies such allegations.

604.    Paragraph 604 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 604 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 604 is deemed to contain allegations against Walmart, Walmart denies such allegations.

605.    The allegations contained in Paragraph 605 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 605 is deemed to contain allegations against Walmart, Walmart denies such allegations.

606.    Walmart denies the allegations contained in Paragraph 606 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 606 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

607.    Walmart denies the allegations contained in Paragraph 607 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 607 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

608.    Walmart admits that it does business throughout the United States. Walmart further admits that for a time period prior to April 2018, Walmart, through its subsidiary, distributed certain prescription medication to certain of its own stores in the United States. Walmart also admits that it dispenses certain prescription opioids to patients with valid prescriptions. Walmart denies the remaining allegations contained in Paragraph 608 as they apply to Walmart. Further, Walmart is not required to respond to the remaining allegations contained in Paragraph 608 that are not directed toward Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

609.    Walmart denies the allegations contained in Paragraph 609 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 609 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

610.    Walmart admits that at all times relevant to this litigation, it possessed certain data on prescription medication it distributed and dispensed. Walmart denies the remaining allegations contained in Paragraph 610 as they apply to Walmart. Further, Walmart is not

required to respond to the remaining allegations contained in Paragraph 610 that are not directed toward Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

611.    Paragraph 611 purports to contain a paraphrasing of a law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 611 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 611 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

612.    Paragraph 612 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Walmart admits that the pharmacies it operates are registrants under the CSA. Walmart denies the remaining allegations contained in Paragraph 612 as they apply to Walmart. Further, Walmart is not required to respond to the remaining allegations contained in Paragraph 612 that are not directed toward Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

613.    Walmart denies the allegations contained in Paragraph 613 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 613 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such

allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

614.    Walmart admits that 21 CFR 1301.74(b) defines suspicious orders as including orders of "[u]nusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency." Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 614; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

615.    Walmart admits that 21 CFR 1301.74(b) defines suspicious orders as including orders of "[u]nusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency." Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 615; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

616.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 616; the allegation is therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

617.    Paragraph 617 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 617 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 617 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

618.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 618; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

619.    Walmart denies the allegations contained in Paragraph 619 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 619 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

620.    Walmart denies the allegations contained in Paragraph 620 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 620 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

621.    Walmart denies the allegations contained in Paragraph 621 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 621 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

622.    Walmart denies the allegations contained in Paragraph 622 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 622 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

623.     Walmart denies the allegations contained in Paragraph 623 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 623 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

624.     Walmart denies the allegations contained in Paragraph 624 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 624 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

625.     Walmart denies the allegations contained in Paragraph 625 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 625 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

626.     Walmart denies the allegations contained in Paragraph 626 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 626 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

627.     Walmart denies the allegations contained in Paragraph 627 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 627 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such

allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

628.    The allegations contained in Paragraph 628 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 628 is deemed to contain allegations against Walmart, Walmart denies such allegations.

629.    The allegations contained in Paragraph 629 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 629 is deemed to contain allegations against Walmart, Walmart denies such allegations.

630.    Paragraph 630 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 630 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 630 is deemed to contain allegations against Walmart, Walmart denies such allegations.

631.    The allegations contained in Paragraph 631 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 631 is deemed to contain allegations against Walmart, Walmart denies such allegations.

632.    The allegations contained in Paragraph 632 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 632 is deemed to contain allegations against Walmart, Walmart denies such allegations.

633.    The allegations contained in Paragraph 633 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 633 is deemed to contain allegations against Walmart, Walmart denies such allegations.

634.    The allegations contained in Paragraph 634 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 634 is deemed to contain allegations against Walmart, Walmart denies such allegations.

635.    The allegations contained in Paragraph 635 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 635 is deemed to contain allegations against Walmart, Walmart denies such allegations.

636.    The allegations contained in Paragraph 636 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 636 is deemed to contain allegations against Walmart, Walmart denies such allegations.

637.    The allegations contained in Paragraph 637 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 637 is deemed to contain allegations against Walmart, Walmart denies such allegations.

638.    The allegations contained in Paragraph 638 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 638 is deemed to contain allegations against Walmart, Walmart denies such allegations.

639.    The allegations contained in Paragraph 639 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 639 is deemed to contain allegations against Walmart, Walmart denies such allegations.

640.    The allegations contained in Paragraph 640 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 640 is deemed to contain allegations against Walmart, Walmart denies such allegations.

641.    The allegations contained in Paragraph 641 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 641 is deemed to contain allegations against Walmart, Walmart denies such allegations.

642.    Paragraph 642 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 642 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a

response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 642 is deemed to contain allegations against Walmart, Walmart denies such allegations.

643.    The allegations contained in Paragraph 643 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 643 is deemed to contain allegations against Walmart, Walmart denies such allegations.

644.    The allegations contained in Paragraph 644 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 644 is deemed to contain allegations against Walmart, Walmart denies such allegations.

645.    The allegations contained in Paragraph 645 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 645 is deemed to contain allegations against Walmart, Walmart denies such allegations.

646.    Paragraph 646 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 646 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 646 is deemed to contain allegations against Walmart, Walmart denies such allegations.

647.    The allegations contained in Paragraph 647 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 647 is deemed to contain allegations against Walmart, Walmart denies such allegations.

648.    The allegations contained in Paragraph 648 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 648 is deemed to contain allegations against Walmart, Walmart denies such allegations.

649.    The allegations contained in Paragraph 649 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 649 is deemed to contain allegations against Walmart, Walmart denies such allegations.

650.    The allegations contained in Paragraph 650 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 650 is deemed to contain allegations against Walmart, Walmart denies such allegations.

651.    The allegations contained in Paragraph 651 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 651 is deemed to contain allegations against Walmart, Walmart denies such allegations.

652.    The allegations contained in Paragraph 652 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 652 is deemed to contain allegations against Walmart, Walmart denies such allegations.

653.    Walmart denies the allegations contained in Paragraph 653 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 653 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such

allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

654.   Walmart denies the allegations contained in Paragraph 654 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 654 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

655.   Paragraph 655 purports to contain a statement of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 655 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 655 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

656.   Walmart denies the allegations contained in Paragraph 656 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 656 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

657.   Walmart denies the allegations contained in Paragraph 657 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 657 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such

allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

658.    Walmart denies the allegations contained in Paragraph 658 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 658 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

659.    Walmart denies the allegations contained in Paragraph 659 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 659 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

660.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 660; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

661.    Walmart admits certain prescriptions written in one state may, under some circumstances, be filled in a different state. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 661; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

662.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 662; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

663.     Paragraph 663 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 663; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

664.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 664; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

665.     Paragraph 665 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 665; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

666.     Paragraph 666 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 666; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

667.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 667; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

668.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 668; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

669.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 669; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

670.   Walmart denies the allegations contained in Paragraph 670 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 670 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

671.   Walmart denies the allegations contained in Paragraph 671 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 671 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

672.   The allegations contained in Paragraph 672 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 672 is deemed to contain allegations against Walmart, Walmart denies such allegations.

673.   The allegations contained in Paragraph 673 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 673 is deemed to contain allegations against Walmart, Walmart denies such allegations.

674.    The allegations contained in Paragraph 674 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 674 is deemed to contain allegations against Walmart, Walmart denies such allegations.

675.    The allegations contained in Paragraph 675 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 675 is deemed to contain allegations against Walmart, Walmart denies such allegations.

676.    The allegations contained in Paragraph 676 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 676 is deemed to contain allegations against Walmart, Walmart denies such allegations.

677.    The allegations contained in Paragraph 677 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 677 is deemed to contain allegations against Walmart, Walmart denies such allegations.

678.    The allegations contained in Paragraph 678 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 678 is deemed to contain allegations against Walmart, Walmart denies such allegations.

679.    The allegations contained in Paragraph 679 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 679 is deemed to contain allegations against Walmart, Walmart denies such allegations.

680.    The allegations contained in Paragraph 680 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 680 is deemed to contain allegations against Walmart, Walmart denies such allegations.

681.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 681; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

682.    The allegations contained in Paragraph 682 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 682 is deemed to contain allegations against Walmart, Walmart denies such allegations.

683.    The allegations contained in Paragraph 683 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 683 is deemed to contain allegations against Walmart, Walmart denies such allegations.

684.    Paragraph 684 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 684 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 684 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

685.    Paragraph 685 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 685 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 685 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

686.    Paragraph 686 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 686 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 686 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

687.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 687; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

688.    Walmart denies the allegations contained in Paragraph 688 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 688 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

689.     Paragraph 689 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 689 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 689 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

690.     Walmart admits that the United States Government has disclosed certain ARCOS data pursuant to a court order. The data and court order speak for themselves, and Walmart denies any characterization thereof. Further, Walmart denies the remaining allegations contained in Paragraph 690 as they apply to Walmart. Further, Walmart is not required to respond to the remaining allegations contained in Paragraph 690 that are not directed toward Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

691.     Walmart admits that the United States Government has disclosed certain ARCOS data pursuant to a court order. The data and court order speak for themselves, and Walmart denies any characterization thereof. Walmart further denies the remaining allegations contained in Paragraph 691 as they apply to Walmart. Further, Walmart is not required to respond to the remaining allegations contained in Paragraph 691 that are not directed toward Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

692.    Paragraph 692 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 692 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 692 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

693.    Paragraph 693 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 693 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 693 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

694.    Paragraph 694 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 694 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 694 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

695.    Paragraph 695 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 695 as

they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 695 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

696.    Paragraph 696 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 696 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 696 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

697.    Paragraph 697 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 697 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 697 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

698.    Paragraph 698 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 698 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 698 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a

response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

699.     Paragraph 699 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 699 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 699 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

700.     Paragraph 700 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 700 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 700 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

701.     Walmart denies the allegations contained in Paragraph 701 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 701 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

702.    Paragraph 702 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 702 are not directed toward Walmart and such allegations do not require a response from Walmart. Moreover, to the extent Paragraph 702 is deemed to contain allegations against Walmart, Walmart denies such allegations.

703.    [Paragraph Stricken]

704.    [Paragraph Stricken]

705.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 705 pertaining to specific criminal convictions in Summit County; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Walmart denies the remaining allegations contained in Paragraph 705 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 705 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

706.    Paragraph 706 refers to a document that speaks for themselves, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 706; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

707.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 707; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

708.    The allegations contained in Paragraph 708 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 708 is deemed to contain allegations against Walmart, Walmart denies such allegations.

709.    To the extent the last sentence of Paragraph 709 is deemed to contain allegations against Walmart, Walmart denies such allegations. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 709; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Further, the remaining allegations contained in Paragraph 709 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

710.    To the extent the first sentence of Paragraph 710 is deemed to contain allegations against Walmart, Walmart denies such allegations. Walmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 710; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Further, the remaining allegations contained in Paragraph 710 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

711.    [Paragraph Stricken]

712.     Paragraph 712 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 712 are not directed toward Walmart and such allegations do not require a response from Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 712 is deemed to contain allegations against Walmart, Walmart denies such allegations.

713.     Walmart denies the allegations contained in Paragraph 713 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 713 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

714.     Walmart denies the allegations contained in Paragraph 714 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 714 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

715.     Paragraph 715 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 715; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

716.     Paragraph 716 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 716; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

717.    Paragraph 717 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 717; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

718.    Paragraph 718 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 718; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

719.    Paragraph 719 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 719; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

720.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 720; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

721.    Paragraph 721 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 721; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

722.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 722; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

723.    To the extent that Paragraph 723 refers to the Ohio Attorney General's website, it speaks for itself and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 723; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

724.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 724; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

725.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 725; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

726.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 726; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

727.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 727; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

728.    Paragraph 728 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 728; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

729.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 729; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

730.    Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 730; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

731.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 731; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

732.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 732; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

733.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 733; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

734.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 734; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

735.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 735; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

736.    Paragraph 736 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 736; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

737.     Paragraph 737 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 737; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

738.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 738; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

739.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 739; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

740.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 740; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

741.     Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 741; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

742.     Paragraph 742 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 742; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

743.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 743; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

744.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 744; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

745.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 745; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

746.    The allegations contained in Paragraph 746 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 746 is deemed to contain allegations against Walmart, Walmart denies such allegations.

747.    The allegations contained in Paragraph 747 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 747 is deemed to contain allegations against Walmart, Walmart denies such allegations.

748.    The allegations contained in Paragraph 748 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 748 is deemed to contain allegations against Walmart, Walmart denies such allegations.

749.    The allegations contained in Paragraph 749 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 749 is deemed to contain allegations against Walmart, Walmart denies such allegations.

750.    The allegations contained in Paragraph 750 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 750 is deemed to contain allegations against Walmart, Walmart denies such allegations.

751.    The allegations contained in Paragraph 751 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 751 is deemed to contain allegations against Walmart, Walmart denies such allegations.

752.    The allegations contained in Paragraph 752 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 752 is deemed to contain allegations against Walmart, Walmart denies such allegations.

753.    The allegations contained in Paragraph 753 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 753 is deemed to contain allegations against Walmart, Walmart denies such allegations.

754.    The allegations contained in Paragraph 754 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 754 is deemed to contain allegations against Walmart, Walmart denies such allegations.

755.    The allegations contained in Paragraph 755 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 755 is deemed to contain allegations against Walmart, Walmart denies such allegations.

756.    The allegations contained in Paragraph 756 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 756 is deemed to contain allegations against Walmart, Walmart denies such allegations.

757.    The allegations contained in Paragraph 757 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 757 is deemed to contain allegations against Walmart, Walmart denies such allegations.

758.    The allegations contained in Paragraph 758 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 758 is deemed to contain allegations against Walmart, Walmart denies such allegations.

759.    The allegations contained in Paragraph 759 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 759 is deemed to contain allegations against Walmart, Walmart denies such allegations.

760.    Walmart denies the allegations contained in Paragraph 760 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 760 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

761.    Walmart denies the allegations contained in Paragraph 761 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 761 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

762.    Walmart denies the allegations contained in Paragraph 762 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 762 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

763.    Walmart denies the allegations contained in Paragraph 763 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 763 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

764.    To the extent Paragraph 764 purports to contain factual allegations of wrongdoing, Walmart denies such allegations as they apply to Walmart. The remaining allegations contained in Paragraph 764 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

765.    Walmart denies the allegations contained in Paragraph 765 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 765 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

766.    Walmart denies the allegations contained in Paragraph 766 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 766 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

767.    Walmart denies the allegations contained in Paragraph 767 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 767 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

768.    Walmart denies the allegations contained in Paragraph 768 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 768 are not directed toward

Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

769.     Paragraph 769 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the allegations contained in Paragraph 769 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 769 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

770.     Walmart denies the allegations contained in Paragraph 770 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 770 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

771.     The allegations contained in Paragraph 771 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 771 is deemed to contain allegations against Walmart, Walmart denies such allegations.

772.     Walmart denies the allegations contained in Paragraph 772 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 772 are not directed toward

Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

773. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 773; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

774. The allegations contained in Paragraph 774 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 774 is deemed to contain allegations against Walmart, Walmart denies such allegations.

775. Paragraph 775 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. To the extent Paragraph 775 is deemed to contain allegations against Walmart, Walmart denies such allegations. Further, the remaining allegations contained in Paragraph 775 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

776. Walmart denies the allegations contained in Paragraph 776 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 776 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such

allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

777.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 777; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

778.    Walmart denies the allegations contained in Paragraph 778 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 778 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

779.    Walmart denies the allegations contained in Paragraph 779 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 779 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

780.    Walmart denies the allegations contained in Paragraph 780 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 780 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

781.    Paragraph 781 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the allegations contained in Paragraph 781 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 781 are not directed

toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

782.    The allegations contained in Paragraph 782 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 782 is deemed to contain allegations against Walmart, Walmart denies such allegations.

783.    The allegations contained in Paragraph 783 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 783 is deemed to contain allegations against Walmart, Walmart denies such allegations.

784.    The allegations contained in Paragraph 784 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 784 is deemed to contain allegations against Walmart, Walmart denies such allegations.

785.    The allegations contained in Paragraph 785 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 785 is deemed to contain allegations against Walmart, Walmart denies such allegations.

786.    The allegations contained in Paragraph 786 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 786 is deemed to contain allegations against Walmart, Walmart denies such allegations.

787.    The allegations contained in Paragraph 787 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 787 is deemed to contain allegations against Walmart, Walmart denies such allegations.

788.    Paragraph 788 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 788 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P.

8(b)(5). Moreover, to the extent Paragraph 788 is deemed to contain allegations against Walmart, Walmart denies such allegations.

789.    Paragraph 789 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 789 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 789 is deemed to contain allegations against Walmart, Walmart denies such allegations.

790.    The allegations contained in Paragraph 790 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 790 is deemed to contain allegations against Walmart, Walmart denies such allegations.

791.    The allegations contained in Paragraph 791 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 791 is deemed to contain allegations against Walmart, Walmart denies such allegations.

792.    The allegations contained in Paragraph 792 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 792 is deemed to contain allegations against Walmart, Walmart denies such allegations.

793.    Walmart denies the allegations contained in Paragraph 793 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 793 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

794.    Paragraph 794 refers to an interview that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 794 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 794 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

795.    Paragraph 795 refers to an interview that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 795 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 795 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

796.    Paragraph 796 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 796 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 796 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 796; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

797.    The allegations contained in Paragraph 797 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 797 is deemed to contain allegations against Walmart, Walmart denies such allegations.

798.    Paragraph 798 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 798 are not directed toward Walmart and such allegations do not require a response from Walmart. Moreover, to the extent Paragraph 798 is deemed to contain allegations against Walmart, Walmart denies such allegations.

799.    Paragraph 799 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 799 are not directed toward Walmart and such allegations do not require a response from Walmart. Moreover, to the extent Paragraph 799 is deemed to contain allegations against Walmart, Walmart denies such allegations.

800.    Paragraph 800 refers to a document and interview that speak for themselves, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 800 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 800; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 800 is deemed to contain allegations against Walmart, Walmart denies such allegations.

801.    The allegations contained in Paragraph 801 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Paragraph 801 refers to an interview that speaks for itself, and Walmart denies any characterizations thereof. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 801; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 801 is deemed to contain allegations against Walmart, Walmart denies such allegations.

802.    The allegations contained in Paragraph 802 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 802; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 802 is deemed to contain allegations against Walmart, Walmart denies such allegations.

803.    The allegations contained in Paragraph 803 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 803 is deemed to contain allegations against Walmart, Walmart denies such allegations.

804.    The allegations contained in Paragraph 804 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 804 is deemed to contain allegations against Walmart, Walmart denies such allegations.

805.     [Paragraph Stricken]

806.    [Paragraph Stricken]

807.    [Paragraph Stricken]

808.    The allegations contained in Paragraph 808 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 808 is deemed to contain allegations against Walmart, Walmart denies such allegations.

809.    The allegations contained in Paragraph 809 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 809 is deemed to contain allegations against Walmart, Walmart denies such allegations.

810.   The allegations contained in Paragraph 810 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 810 is deemed to contain allegations against Walmart, Walmart denies such allegations.

811.   Paragraph 811 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 811 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 811; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 811 is deemed to contain allegations against Walmart, Walmart denies such allegations.

812.   Paragraph 812 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 812 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 812; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 812 is deemed to contain allegations against Walmart, Walmart denies such allegations.

813.     Walmart denies the allegations contained in Paragraph 813 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 813 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

814.     The allegations contained in Paragraph 814 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 814 is deemed to contain allegations against Walmart, Walmart denies such allegations.

815.     The allegations contained in Paragraph 815 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 815 is deemed to contain allegations against Walmart, Walmart denies such allegations.

816.     The allegations contained in Paragraph 816 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 816 is deemed to contain allegations against Walmart, Walmart denies such allegations.

817.    The allegations contained in Paragraph 817 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 817 is deemed to contain allegations against Walmart, Walmart denies such allegations.

818.    The allegations contained in Paragraph 818 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 818 is deemed to contain allegations against Walmart, Walmart denies such allegations.

819.    The allegations contained in Paragraph 819 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 819 is deemed to contain allegations against Walmart, Walmart denies such allegations.

820.    The allegations contained in Paragraph 820 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 820 is deemed to contain allegations against Walmart, Walmart denies such allegations.

821.    The allegations contained in Paragraph 821 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 821 is deemed to contain allegations against Walmart, Walmart denies such allegations.

822.    The allegations contained in Paragraph 822 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 822 is deemed to contain allegations against Walmart, Walmart denies such allegations.

823.    The allegations contained in Paragraph 823 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 823 is deemed to contain allegations against Walmart, Walmart denies such allegations.

824.    The allegations contained in Paragraph 824 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 824 is deemed to contain allegations against Walmart, Walmart denies such allegations.

825.    The allegations contained in Paragraph 825 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 825 is deemed to contain allegations against Walmart, Walmart denies such allegations.

826.    The allegations contained in Paragraph 826 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 826 is deemed to contain allegations against Walmart, Walmart denies such allegations.

827.    The allegations contained in Paragraph 827 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 827 is deemed to contain allegations against Walmart, Walmart denies such allegations.

828.    The allegations contained in Paragraph 828 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 828 is deemed to contain allegations against Walmart, Walmart denies such allegations.

829.    The allegations contained in Paragraph 829 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 829 is deemed to contain allegations against Walmart, Walmart denies such allegations.

830.    The allegations contained in Paragraph 830 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 830 is deemed to contain allegations against Walmart, Walmart denies such allegations.

831.    The allegations contained in Paragraph 831 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 831 is deemed to contain allegations against Walmart, Walmart denies such allegations.

832.     The allegations contained in Paragraph 832 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 832 is deemed to contain allegations against Walmart, Walmart denies such allegations.

833.     The allegations contained in Paragraph 833 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 833 is deemed to contain allegations against Walmart, Walmart denies such allegations.

834.     Paragraph 834 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 834. Further, the allegations contained in Paragraph 834 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response is required, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 834; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 834 is deemed to contain allegations against Walmart, Walmart denies such allegations.

835.     The allegations contained in Paragraph 835 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 835 is deemed to contain allegations against Walmart, Walmart denies such allegations.

836.    The allegations contained in Paragraph 836 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 836 is deemed to contain allegations against Walmart, Walmart denies such allegations.

837.    The allegations contained in Paragraph 837 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 837 is deemed to contain allegations against Walmart, Walmart denies such allegations.

838.    The allegations contained in Paragraph 838 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 838 is deemed to contain allegations against Walmart, Walmart denies such allegations.

839.    The allegations contained in Paragraph 839 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 839 is deemed to contain allegations against Walmart, Walmart denies such allegations.

840.    The allegations contained in Paragraph 840 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 840 is deemed to contain allegations against Walmart, Walmart denies such allegations.

841.    The allegations contained in Paragraph 841 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 841 is deemed to contain allegations against Walmart, Walmart denies such allegations.

842.    The allegations contained in Paragraph 842 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 842 is deemed to contain allegations against Walmart, Walmart denies such allegations.

843.    The allegations contained in Paragraph 843 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 843 is deemed to contain allegations against Walmart, Walmart denies such allegations.

844.    The allegations contained in Paragraph 844 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 844 is deemed to contain allegations against Walmart, Walmart denies such allegations.

845.    The allegations contained in Paragraph 845 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 845 is deemed to contain allegations against Walmart, Walmart denies such allegations.

846.    The allegations contained in Paragraph 846 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 846 is deemed to contain allegations against Walmart, Walmart denies such allegations.

847.    The allegations contained in Paragraph 847 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 847 is deemed to contain allegations against Walmart, Walmart denies such allegations.

848.    The allegations contained in Paragraph 848 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 848 is deemed to contain allegations against Walmart, Walmart denies such allegations.

849.    The allegations contained in Paragraph 849 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 849 is deemed to contain allegations against Walmart, Walmart denies such allegations.

850.    The allegations contained in Paragraph 850 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 850 is deemed to contain allegations against Walmart, Walmart denies such allegations.

851.    Paragraph 851 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 851. Further, the allegations contained in Paragraph 851 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response is required, Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 851; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 851 is deemed to contain allegations against Walmart, Walmart denies such allegations.

852.    The allegations contained in Paragraph 852 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 852 is deemed to contain allegations against Walmart, Walmart denies such allegations.

853.    The allegations contained in Paragraph 853 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 853 is deemed to contain allegations against Walmart, Walmart denies such allegations.

854.    The allegations contained in Paragraph 854 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 854 is deemed to contain allegations against Walmart, Walmart denies such allegations.

855.    The allegations contained in Paragraph 855 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 855 is deemed to contain allegations against Walmart, Walmart denies such allegations.

856.    The allegations contained in Paragraph 856 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 856 is deemed to contain allegations against Walmart, Walmart denies such allegations.

857.    Paragraph 857 refers to a document that speaks for itself and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 857 are not directed toward Walmart and therefore no response from Walmart is required. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 857; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 857 is deemed to contain allegations against Walmart, Walmart denies such allegations.

858.    Paragraph 858 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 858. Further, the allegations contained in Paragraph 858 are not directed toward Walmart and therefore no response from Walmart is required. Moreover, to the extent Paragraph 858 is deemed to contain allegations against Walmart, Walmart denies such allegations.

859.    The allegations contained in Paragraph 859 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 859 is deemed to contain allegations against Walmart, Walmart denies such allegations.

860.    The allegations contained in Paragraph 860 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 860 is deemed to contain allegations against Walmart, Walmart denies such allegations.

861.    The allegations contained in Paragraph 861 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 861 is deemed to contain allegations against Walmart, Walmart denies such allegations.

862.    The allegations contained in Paragraph 862 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 862 is deemed to contain allegations against Walmart, Walmart denies such allegations.

863.    Walmart denies the allegations contained in Paragraph 863 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 863 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

864.    The allegations contained in Paragraph 864 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 864 is deemed to contain allegations against Walmart, Walmart denies such allegations.

865.    The allegations contained in Paragraph 865 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 865 is deemed to contain allegations against Walmart, Walmart denies such allegations.

866.    The allegations contained in Paragraph 866 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 866 is deemed to contain allegations against Walmart, Walmart denies such allegations.

867.    The allegations contained in Paragraph 867 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 867 is deemed to contain allegations against Walmart, Walmart denies such allegations.

868.    The allegations contained in Paragraph 868 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 868 is deemed to contain allegations against Walmart, Walmart denies such allegations.

869.    The allegations contained in Paragraph 869 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 869 is deemed to contain allegations against Walmart, Walmart denies such allegations.

870.    The allegations contained in Paragraph 870 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 870 is deemed to contain allegations against Walmart, Walmart denies such allegations.

871.    The allegations contained in Paragraph 871 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 871 is deemed to contain allegations against Walmart, Walmart denies such allegations.

872.    The allegations contained in Paragraph 872 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 872 is deemed to contain allegations against Walmart, Walmart denies such allegations.

873.    The allegations contained in Paragraph 873 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 873 is deemed to contain allegations against Walmart, Walmart denies such allegations.

874.    The allegations contained in Paragraph 874 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 874 is deemed to contain allegations against Walmart, Walmart denies such allegations.

875.    Paragraph 875 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 875. Further, the allegations contained in Paragraph 875 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 875 is deemed to contain allegations against Walmart, Walmart denies such allegations.

876.    The allegations contained in Paragraph 876 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 876 is deemed to contain allegations against Walmart, Walmart denies such allegations.

877.    The allegations contained in Paragraph 877 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 877 is deemed to contain allegations against Walmart, Walmart denies such allegations.

## ANSWER TO FIRST CLAIM FOR RELIEF

878.    Walmart incorporates by reference its answers to all other allegation set forth above on this Answer as if fully set forth herein.

879.    Paragraph 879 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 879. Further, the allegations contained in Paragraph 879 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 879 is deemed to contain allegations against Walmart, Walmart denies such allegations.

880.    Paragraph 880 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 880. Further, the allegations contained in Paragraph 880 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 880 is deemed to contain allegations against Walmart, Walmart denies such allegations.

881.    The allegations contained in Paragraph 881 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 881 is deemed to contain allegations against Walmart, Walmart denies such allegations.

882.    The allegations contained in Paragraph 882 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 882 is deemed to contain allegations against Walmart, Walmart denies such allegations.

883.    The allegations contained in Paragraph 883 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 883 is deemed to contain allegations against Walmart, Walmart denies such allegations.

884.    The allegations contained in Paragraph 884 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 884 is deemed to contain allegations against Walmart, Walmart denies such allegations.

885.    The allegations contained in Paragraph 885 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 885 is deemed to contain allegations against Walmart, Walmart denies such allegations.

886.    The allegations contained in Paragraph 886 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 886 is deemed to contain allegations against Walmart, Walmart denies such allegations.

887.    The allegations contained in Paragraph 887 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 887 is deemed to contain allegations against Walmart, Walmart denies such allegations.

888.    Paragraph 888 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 888. Further, the allegations contained in Paragraph 888 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 888 is deemed to contain allegations against Walmart, Walmart denies such allegations.

889.    Paragraph 889 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 889. Further, the allegations contained in Paragraph 889 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 889 is deemed to contain allegations against Walmart, Walmart denies such allegations.

890.    Paragraph 890 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 890. Further, the allegations contained in Paragraph 890 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 890 is deemed to contain allegations against Walmart, Walmart denies such allegations.

891.    The allegations contained in Paragraph 891 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 891 is deemed to contain allegations against Walmart, Walmart denies such allegations.

892.    The allegations contained in Paragraph 892 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 892 is deemed to contain allegations against Walmart, Walmart denies such allegations.

893.    The allegations contained in Paragraph 893 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 893 is deemed to contain allegations against Walmart, Walmart denies such allegations.

894.    The allegations contained in Paragraph 894 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 894 is deemed to contain allegations against Walmart, Walmart denies such allegations.

895.    Paragraph 895 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 895. Further, the allegations contained in Paragraph 895 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 895 is deemed to contain allegations against Walmart, Walmart denies such allegations.

896.    Paragraph 896 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 896. Further, the allegations contained in Paragraph 896 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 896 is deemed to contain allegations against Walmart, Walmart denies such allegations.

897.    Paragraph 897 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 897. Further, the allegations contained in Paragraph 897 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 897 is deemed to contain allegations against Walmart, Walmart denies such allegations.

898.    Paragraph 898 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 898. Further, the allegations contained in Paragraph 898 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 898 is deemed to contain allegations against Walmart, Walmart denies such allegations.

899.    The allegations contained in Paragraph 899 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 899 is deemed to contain allegations against Walmart, Walmart denies such allegations.

900.    Paragraph 900 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 900. Further, the allegations contained in Paragraph 900 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 900 is deemed to contain allegations against Walmart, Walmart denies such allegations.

901.    Paragraph 901 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 901. Further, the allegations contained in Paragraph 901 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 901 is deemed to contain allegations against Walmart, Walmart denies such allegations.

902.    The allegations contained in Paragraph 902, including subparts a through n, are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 902 is deemed to contain allegations against Walmart, Walmart denies such allegations.

903.    Paragraph 903 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 903. Further, the allegations contained in Paragraph 903 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 903 is deemed to contain allegations against Walmart, Walmart denies such allegations.

904.    Paragraph 904 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 904. Further, the allegations contained in Paragraph 904 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 904 is deemed to contain allegations against Walmart, Walmart denies such allegations.

905.    Paragraph 905 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 905. Further, the allegations contained in Paragraph 905 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 905 is deemed to contain allegations against Walmart, Walmart denies such allegations.

## ANSWER TO SECOND CLAIM FOR RELIEF

906.    Walmart incorporates by reference its answers to all other allegation set forth above on this Answer as if fully set forth herein.

907.    Paragraph 907 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 907 as they apply to Walmart. Moreover, the remaining allegations contained in

Paragraph 907 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

908.    Paragraph 908 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 908. Further, the allegations contained in Paragraph 908 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 908 is deemed to contain allegations against Walmart, Walmart denies such allegations.

909.    The allegations contained in Paragraph 909 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 909 is deemed to contain allegations against Walmart, Walmart denies such allegations.

910.    The allegations contained in Paragraph 910 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 910 is deemed to contain allegations against Walmart, Walmart denies such allegations.

911.    Paragraph 911 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 911. Further, the allegations contained in Paragraph 911 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 911 is deemed to contain allegations against Walmart, Walmart denies such allegations.

912.    Paragraph 912 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 912. Further, the allegations contained in Paragraph 912 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 912 is deemed to contain allegations against Walmart, Walmart denies such allegations.

913.    Paragraph 913 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 913. Further, the allegations contained in Paragraph 913 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 913 is deemed to contain allegations against Walmart, Walmart denies such allegations.

914.    Paragraph 914 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 914. Further, the allegations contained in Paragraph 914 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 914 is deemed to contain allegations against Walmart, Walmart denies such allegations.

915.    Paragraph 915 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 915. Further, the allegations contained in Paragraph 915 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 915 is deemed to contain allegations against Walmart, Walmart denies such allegations.

916.    Paragraph 916 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 916 and further denies the remaining allegations contained in Paragraph 916 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 916 are not directed toward

Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

917.   Paragraph 917 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 917. Further, the allegations contained in Paragraph 917 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 917 is deemed to contain allegations against Walmart, Walmart denies such allegations.

918.   Paragraph 918 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 918. Further, the allegations contained in Paragraph 918 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 918 is deemed to contain allegations against Walmart, Walmart denies such allegations.

919.   Paragraph 919 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 919. Further, the allegations contained in Paragraph 919 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 919 is deemed to contain allegations against Walmart, Walmart denies such allegations.

920.    The allegations contained in Paragraph 920 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 920 is deemed to contain allegations against Walmart, Walmart denies such allegations.

921.    The allegations contained in Paragraph 921 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 921 is deemed to contain allegations against Walmart, Walmart denies such allegations.

922.    The allegations contained in Paragraph 922 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 922 is deemed to contain allegations against Walmart, Walmart denies such allegations.

923.    Paragraph 923 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 923. Further, the allegations contained in Paragraph 923 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 923 is deemed to contain allegations against Walmart, Walmart denies such allegations.

924.    The allegations contained in Paragraph 924 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 924 is deemed to contain allegations against Walmart, Walmart denies such allegations.

925.    The allegations contained in Paragraph 925 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 925 is deemed to contain allegations against Walmart, Walmart denies such allegations.

926.    The allegations contained in Paragraph 926 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 926 is deemed to contain allegations against Walmart, Walmart denies such allegations.

927.    The allegations contained in Paragraph 927 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 927 is deemed to contain allegations against Walmart, Walmart denies such allegations.

928.    Paragraph 928 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 928. Further, the allegations contained in Paragraph 928 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 928 is deemed to contain allegations against Walmart, Walmart denies such allegations.

929.    Paragraph 929 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 929. Further, the allegations contained in Paragraph 929 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 929 is deemed to contain allegations against Walmart, Walmart denies such allegations.

930.    Paragraph 930 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 930. Further, the allegations contained in Paragraph 930 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 930 is deemed to contain allegations against Walmart, Walmart denies such allegations.

931.    The allegations contained in Paragraph 931 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 931 is deemed to contain allegations against Walmart, Walmart denies such allegations.

932.    Paragraph 932 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 932. Further, the allegations contained in Paragraph 932 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 932 is deemed to contain allegations against Walmart, Walmart denies such allegations.

933.    Paragraph 933 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 933. Further, the allegations contained in Paragraph 933 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 933 is deemed to contain allegations against Walmart, Walmart denies such allegations.

934.    Paragraph 934 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 934. Further, the allegations contained in Paragraph 934, including subparts a through m, are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 934 is deemed to contain allegations against Walmart, Walmart denies such allegations.

935.    Paragraph 935 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 935. Further, the allegations contained in Paragraph 935 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 935 is deemed to contain allegations against Walmart, Walmart denies such allegations.

936.    Paragraph 936 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 936. Further, the allegations contained in Paragraph 936 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 936 is deemed to contain allegations against Walmart, Walmart denies such allegations.

937.    The allegations contained in Paragraph 937 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 937 is deemed to contain allegations against Walmart, Walmart denies such allegations.

938.    Paragraph 938 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 938. Further, the allegations contained in Paragraph 938 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 938 is deemed to contain allegations against Walmart, Walmart denies such allegations.

## ANSWER TO THIRD CLAIM FOR RELIEF

939.    Walmart incorporates by reference its answers to all other allegations contained in this Answer as if fully set forth herein.

940.    Paragraph 940 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 940. Further, the allegations contained in Paragraph 940 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 940 is deemed to contain allegations against Walmart, Walmart denies such allegations.

941.    Walmart incorporates by reference its answers to the allegations contained in the referenced paragraphs of Plaintiffs' First Claim for Relief.

942.    Paragraph 942 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 942. Further, the allegations contained in Paragraph 942 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 942 is deemed to contain allegations against Walmart, Walmart denies such allegations.

943.    Paragraph 943 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 943. Further, the allegations contained in Paragraph 943 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 943 is deemed to contain allegations against Walmart, Walmart denies such allegations.

944.    Paragraph 944 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 944. Further, the allegations contained in Paragraph 944 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 944 is deemed to contain allegations against Walmart, Walmart denies such allegations.

945.    The allegations contained in Paragraph 945 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 945 is deemed to contain allegations against Walmart, Walmart denies such allegations.

946.    Paragraph 946 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 946. Further, the allegations contained in Paragraph 946 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 946 is deemed to contain allegations against Walmart, Walmart denies such allegations.

947.    Paragraph 947 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 947. Further, the allegations contained in Paragraph 947 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 947 is deemed to contain allegations against Walmart, Walmart denies such allegations.

948.    The allegations contained in Paragraph 948, including subparts a through m, are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 948 is deemed to contain allegations against Walmart, Walmart denies such allegations.

949.    Paragraph 949 states legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 949. Further, the allegations contained in Paragraph 949 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 949 is deemed to contain allegations against Walmart, Walmart denies such allegations.

## ANSWER TO FOURTH CLAIM FOR RELIEF

950.    Walmart incorporates by reference its answers to the all other allegations contained in this Answer as if fully set forth herein.

951.    Paragraph 951 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 951. Further, the allegations contained in Paragraph 951 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 951 is deemed to contain allegations against Walmart, Walmart denies such allegations.

952.    Walmart incorporates by reference its answers to the allegations contained in the referenced paragraphs of Plaintiffs' First Claim for Relief.

953.    Walmart incorporates by reference its answers to the allegations contained in this Answer as if fully set forth herein. Paragraph 953 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in

Paragraph 953. Further, the allegations contained in Paragraph 953 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 953 is deemed to contain allegations against Walmart, Walmart denies such allegations.

954.    Walmart incorporates by reference its answers to the allegations contained in this Answer as if fully set forth herein. Paragraph 954 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 954. Further, the allegations contained in Paragraph 954 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 954 is deemed to contain allegations against Walmart, Walmart denies such allegations.

955.    Walmart incorporates by reference its answers to the allegations contained in this Answer as if fully set forth herein. Paragraph 955 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 955. Further, the allegations contained in Paragraph 955 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 955 is deemed to contain allegations against Walmart, Walmart denies such allegations.

956.    Paragraph 956 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 956. Further, the allegations contained in Paragraph 956 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 956 is deemed to contain allegations against Walmart, Walmart denies such allegations.

957.    Paragraph 957 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 957 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 957 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

958.    Paragraph 958 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 958. Further, the allegations contained in Paragraph 958 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 958 is deemed to contain allegations against Walmart, Walmart denies such allegations.

959.    The allegations contained in Paragraph 959 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 959 is deemed to contain allegations against Walmart, Walmart denies such allegations.

960.    The allegations contained in Paragraph 960 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 960 is deemed to contain allegations against Walmart, Walmart denies such allegations.

961.    Paragraph 961 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 961. Further, the allegations contained in Paragraph 961 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 961 is deemed to contain allegations against Walmart, Walmart denies such allegations.

962.    Paragraph 962 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 962. Further, the allegations contained in Paragraph 962 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 962 is deemed to contain allegations against Walmart, Walmart denies such allegations.

963.    Paragraph 963 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 963. Further, the allegations contained in Paragraph 963 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 963 is deemed to contain allegations against Walmart, Walmart denies such allegations.

964.    The allegations contained in Paragraph 964 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 964 is deemed to contain allegations against Walmart, Walmart denies such allegations.

965.    Paragraph 965 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 965. Further, the allegations contained in Paragraph 965 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 965 is deemed to contain allegations against Walmart, Walmart denies such allegations.

966.    Paragraph 966 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 966. Further, the allegations contained in Paragraph 966 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 966 is deemed to contain allegations against Walmart, Walmart denies such allegations.

967.    The allegations contained in Paragraph 967 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 967 is deemed to contain allegations against Walmart, Walmart denies such allegations.

968.     The allegations contained in Paragraph 968 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 968 is deemed to contain allegations against Walmart, Walmart denies such allegations.

969.     Walmart incorporates by reference its answers to the allegations contained in the referenced paragraphs of Plaintiffs' First Claim for Relief.

970.     Paragraph 970 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 970. Further, the allegations contained in Paragraph 970 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 970 is deemed to contain allegations against Walmart, Walmart denies such allegations.

971.     Paragraph 971 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 971. Further, the allegations contained in Paragraph 971 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 971 is deemed to contain allegations against Walmart, Walmart denies such allegations.

972.     The allegations contained in Paragraph 972, including subparts a through m, are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 972 is deemed to contain allegations against Walmart, Walmart denies such allegations.

973.     Paragraph 973 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 973. Further, the allegations contained in Paragraph 973 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 973 is deemed to contain allegations against Walmart, Walmart denies such allegations.

## ANSWER TO FIFTH CLAIM FOR RELIEF

974.     Walmart incorporates by reference its answers to all other allegations contained in this Answer as if fully set forth herein.

975.     Paragraph 975 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 975 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 975 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient

to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

976.    Paragraph 976 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 976 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 976 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

977.    Paragraph 977 refers to a document which speaks for itself, and Walmart denies any characterizations thereof. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 977; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

978.    Paragraph 978 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 957 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 957 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

979.    Paragraph 979 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 979 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 979 are not

directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

980.    Paragraph 980 refers to a document which speaks for itself, and Walmart denies any characterizations thereof. Further, Paragraph 980 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 980. Moreover, the allegations contained in Paragraph 980 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). To the extent Paragraph 982 is deemed to contain allegations against Walmart, Walmart denies such allegations.

981.    Paragraph 981 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 981 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 981 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

982.    Paragraph 982 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 982. Further, the allegations contained in Paragraph 982 are not directed toward Walmart and

therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 982 is deemed to contain allegations against Walmart, Walmart denies such allegations.

983.    Paragraph 983 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 983. Further, the allegations contained in Paragraph 983 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 983 is deemed to contain allegations against Walmart, Walmart denies such allegations.

984.    Paragraph 984 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 984. Further, the allegations contained in Paragraph 984 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 984 is deemed to contain allegations against Walmart, Walmart denies such allegations.

985.    Walmart denies the allegations contained in Paragraph 985, including subparts a through d, as they apply to Walmart. Further, the remaining allegations contained in Paragraph

985 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

986.    Paragraph 986 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 986 further denies the allegations contained in Paragraph 986 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 986 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

987.    Paragraph 987 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 987 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 987 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

988.    Walmart denies the allegations contained in Paragraph 988 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 988 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

989.    Walmart denies the allegations contained in Paragraph 989 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 989 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

990.    Walmart denies the allegation contained in Paragraph 990 as its applies to Walmart. Further, the remaining allegations contained in Paragraph 990 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

991.    Walmart denies the allegation contained in Paragraph 991 as it applies to Walmart. Further, the remaining allegations contained in Paragraph 991 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

992.    Walmart denies the allegations contained in Paragraph 992 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 992 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

993.    Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 993; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

994.     Walmart denies the allegations contained in Paragraph 994 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 994 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

995.     Paragraph 995 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 995 and further denies the allegations contained in Paragraph 995 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 995 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

996.     Paragraph 996 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 996 and further denies the allegations contained in Paragraph 996 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 996 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## ANSWER TO SIXTH CLAIM FOR RELIEF

997.     Walmart incorporates by reference its answers to all other allegations contained in this Answer as if fully set forth herein.

998.     Paragraph 998 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 998 and

further denies the allegations contained in Paragraph 998 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 998 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

999. Paragraph 999 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 999 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 999 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1000. Paragraph 1000 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1000 and further denies the allegations contained in Paragraph 1000 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1000 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1001. Paragraph 1001 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1001 and further denies the allegations contained in Paragraph 1001 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1001 are not directed toward Walmart and

therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1002.   Paragraph 1002 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1002 and further denies the allegations contained in Paragraph 1002 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1002 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1003.   Paragraph 1003 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1003 and further denies the allegations contained in Paragraph 1003 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1003 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1004.   Paragraph 1004 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 1004 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1004 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or

information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1005.   Paragraph 1005 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1005 and further denies the allegations contained in Paragraph 1005 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1005 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1006.   Paragraph 1006 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1006 and further denies the allegations contained in Paragraph 1006 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1006 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1007.   Paragraph 1007 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1007 and further denies the allegations contained in Paragraph 1007 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1007 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1008.   Paragraph 1008 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1008 and further denies the allegations contained in Paragraph 1008 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1008 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1009.   Paragraph 1009 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Paragraph 1009 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1009 and further denies the allegations contained in Paragraph 1009 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1009 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1010.   Paragraph 1010 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, Paragraph 1010 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1010 and further denies the allegations contained in Paragraph 1010 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1010 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or

information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1011.   Paragraph 1011 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1011 and further denies the allegations contained in Paragraph 1011 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1011 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1012.   Paragraph 1012 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1012 and further denies the allegations contained in Paragraph 1012 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1012 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1013.   The allegations contained in Paragraph 1013 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1013 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1014.   The allegations contained in Paragraph 1014 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1014 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1015.   The allegations contained in Paragraph 1015 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1015 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1016.   Paragraph 1016 refers to a document that speaks for itself, and Walmart denies any characterizations thereof. Further, Paragraph 1016 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1016 and further denies the allegations contained in Paragraph 1016 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1016 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1017.   Paragraph 1017 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1017.

Further, Walmart admits that for a time period prior to April 2018, Walmart, through its subsidiary, distributed certain prescription medication to certain of its own stores in the United States. Walmart denies the remaining allegations contained in Paragraph 1017 as they apply to Walmart. Moreover, Walmart is not required to respond to the remaining allegations contained in Paragraph 1017 that are not directed toward Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1018.  Paragraph 1018 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1018 and further denies the allegations contained in Paragraph 1018 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1018 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1019.  Paragraph 1019 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1019 and further denies the allegations contained in Paragraph 1019 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1019 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1020.  Paragraph 1020 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1020 and

further denies the allegations contained in Paragraph 1020 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1020 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1021.   Walmart denies the allegations contained in Paragraph 1021 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1021 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1022.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1022 pertaining to purported harm to Plaintiffs' communities; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Further, Paragraph 1022 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1022 and further denies the remaining allegations contained in Paragraph 1023 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1022 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1023.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1023; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Further, Paragraph 1023 states a legal conclusion to which

no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1023 and further denies the remaining allegations contained in Paragraph 1023 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1023 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1024. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1024 pertaining to purported economic damages; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Further, Paragraph 1024 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1024 and further denies the remaining allegations contained in Paragraph 1024 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1024 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1025. Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1025; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Further, Paragraph 1025 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1025 and further denies the remaining allegations contained in Paragraph 1025 as they apply to Walmart. Moreover, the remaining allegations contained in

Paragraph 1025 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1026.   Paragraph 1026 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1026 and further denies the remaining allegations contained in Paragraph 1026 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1026 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1027.   Paragraph 1027 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1027 and further denies the remaining allegations contained in Paragraph 1027 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1027 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1028.   Paragraph 1028 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1028 and further denies the remaining allegations contained in Paragraph 1028 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1028 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such

allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1029.  Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1029; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1030.  Paragraph 1030 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1030 and further denies the remaining allegations contained in Paragraph 1030 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1030 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1031.  Paragraph 1031 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1031 and further denies the remaining allegations contained in Paragraph 1031 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1031 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1032.  Paragraph 1032 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1032. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 1032; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1033.  Paragraph 1033 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1033 and further denies the remaining allegations contained in Paragraph 1033 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1033 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1034.  Paragraph 1034 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1034 and further denies the remaining allegations contained in Paragraph 1034 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1034 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1035.  Paragraph 1035 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1035. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1035; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1036.  Paragraph 1036 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1036 and

further denies the remaining allegations contained in Paragraph 1036 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1036 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1037.   Paragraph 1037 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 1037 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1037 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1038.   Paragraph 1038 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1038 and further denies the remaining allegations contained in Paragraph 1038 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1038 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## ANSWER TO SEVENTH CLAIM FOR RELIEF

1039.   Walmart incorporates by reference its answers to all other allegations contained in this Answer as if fully set forth herein.

1040.   Paragraph 1040 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1040 and

further denies the remaining allegations contained in Paragraph 1040 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1040 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1041.   Paragraph 1041 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1041 and further denies the remaining allegations contained in Paragraph 1041 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1041 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1042.   Paragraph 1042 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1042 and further denies the remaining allegations contained in Paragraph 1042 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1042 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1043.   Paragraph 1043 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 1043 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1043 are not directed toward Walmart and therefore no response from Walmart is

required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1044.   Paragraph 1044 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1044 and further denies the remaining allegations contained in Paragraph 1044 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1044 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1045.   Paragraph 1045 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1045 and further denies the remaining allegations contained in Paragraph 1045 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1045 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1046.   The allegations contained in Paragraph 1046 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1046 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1047.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1047 pertaining to harm to Plaintiff; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Paragraph 1047 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1047 and further denies the remaining allegations contained in Paragraph 1047 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1047 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1048.   Walmart denies the allegations contained in Paragraph 1048 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1048 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1049.   Paragraph 1049 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1049 and further denies the remaining allegations contained in Paragraph 1049 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1049 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1050.   Walmart denies the allegations contained in Paragraph 1050 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1050 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1051.   Paragraph 1051 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1051 and further denies the remaining allegations contained in Paragraph 1051 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1051 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1052.   Paragraph 1052 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1052 and further denies the remaining allegations contained in Paragraph 1052 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1052 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1053.   Walmart denies the allegations contained in Paragraph 1053 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1053 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such

allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1054.  Walmart denies the allegations contained in Paragraph 1054 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1054 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1055.  Paragraph 1055 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1055 and further denies the remaining allegations contained in Paragraph 1055 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1055 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1056.  Paragraph 1056 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart admits that for a time period prior to April 2018, Walmart, through its subsidiary, distributed certain prescription medication to certain of its own stores in the United States. Walmart denies the remaining allegations contained in Paragraph 1056 as they apply to Walmart. Further, Walmart is not required to respond to the remaining allegations contained in Paragraph 1056 that are not directed toward Walmart. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1057. Paragraph 1057 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1057 and further denies the remaining allegations contained in Paragraph 1057 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1057 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1058. Paragraph 1058 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Paragraph 1058 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1058 and further denies the remaining allegations contained in Paragraph 1058 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1057 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1059. The allegations contained in Paragraph 1059 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1059 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1060.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1060 pertaining to purported injury to Plaintiffs; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Further, Paragraph 1060 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1060 and further denies the remaining allegations contained in Paragraph 1060 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1060 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1061.   Paragraph 1061 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1061 and further denies the remaining allegations contained in Paragraph 1061 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1061 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1062.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1062 pertaining to purported economic damages; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Further, Paragraph 1062 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1062 and further denies the remaining allegations contained in Paragraph 1062 as they apply to Walmart.

Moreover, the remaining allegations contained in Paragraph 1062 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1063.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1063; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Further, Paragraph 1063 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1063 and further denies the remaining allegations contained in Paragraph 1063 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1063 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1064.   Paragraph 1064 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1064 and further denies the remaining allegations contained in Paragraph 1064 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1064 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1065.   Paragraph 1065 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1065 and

further denies the remaining allegations contained in Paragraph 1065 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1065 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5)

1066.   Paragraph 1066 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1066 and further denies the remaining allegations contained in Paragraph 1066 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1066 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1067.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1067; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1068.   Paragraph 1068 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1068. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1068; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1069.   Paragraph 1069 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1069 and further denies the remaining allegations contained in Paragraph 1069 as they apply to Walmart.

Moreover, the remaining allegations contained in Paragraph 1069 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1070.   Paragraph 1070 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1070 and further denies the remaining allegations contained in Paragraph 1070 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1070 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1071.   Paragraph 1071 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1071 and further denies the remaining allegations contained in Paragraph 1071 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1071 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## ANSWER TO EIGHTH CLAIM FOR RELIEF

1072.   Walmart incorporates by reference its answers to all other allegations contained in this Answer as if fully set forth herein.

1073.   The allegations contained in Paragraph 1073 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1073 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1074.   The allegations contained in Paragraph 1074 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1074 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1075.   The allegations contained in Paragraph 1075 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1075 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1076.   The allegations contained in Paragraph 1076 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1076 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1077.   The allegations contained in Paragraph 1077 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is

required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1077 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1078.   The allegations contained in Paragraph 1078 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1078 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1079.   The allegations contained in Paragraph 1079 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1079 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1080.   The allegations contained in Paragraph 1080 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1080 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1081.   The allegations contained in Paragraph 1081 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1081 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1082.   The allegations contained in Paragraph 1082 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1082 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1083.   The allegations contained in Paragraph 1083 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1083 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1084.   The allegations contained in Paragraph 1084 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 1084 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1085.    The allegations contained in Paragraph 1085 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1085 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1086.    The allegations contained in Paragraph 1086 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1086 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1087.    The allegations contained in Paragraph 1087 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1087 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1088.    The allegations contained in Paragraph 1088 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their

truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1088 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1089.   Paragraph 1089 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1089 and further denies the remaining allegations contained in Paragraph 1089 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1089 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## ANSWER TO NINTH CLAIM FOR RELIEF

1090.   Walmart incorporates by reference its answers to all other allegations contained in this Answer as if fully set forth herein.

1091.   Paragraph 1091 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 1091 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1091 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1092.   Paragraph 1092 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, the allegations contained in Paragraph 1092 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or

information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Moreover, to the extent Paragraph 1092 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1093.   Paragraph 1093 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1093 and further denies the remaining allegations contained in Paragraph 1093 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1093 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1094.   Paragraph 1094 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1094 and further denies the remaining allegations contained in Paragraph 1093 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1094 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1095.   Paragraph 1095 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 1095 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1095 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge

or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1096. Paragraph 1096 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 1096 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1096 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1097. Paragraph 1097 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 1097 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1097 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1098. Paragraph 1098 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1098 and further denies the remaining allegations contained in Paragraph 1098 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1098 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1099.   Paragraph 1099 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1099 and further denies the remaining allegations contained in Paragraph 1099 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1099 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1100.   Paragraph 1100 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1100. Walmart is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1100; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1101.   Paragraph 1101 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1101 and further denies the remaining allegations contained in Paragraph 1101 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1101 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1102.   Paragraph 1102 refers to documents that speak for themselves, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 1102 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1102 are not directed toward Walmart and therefore no response from Walmart is

required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1103.   Walmart denies the allegations contained in Paragraph 1103 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1103 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1104.   Walmart denies the allegations contained in Paragraph 1104 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1104 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1105.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1105; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1106.   Walmart denies the allegations contained in Paragraph 1106 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1106 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1107.   Paragraph 1107 states a legal conclusion to which no response is required. To the extent a response is required, Walmart denies the legal conclusion stated in Paragraph 1107 and

further denies the remaining allegations contained in Paragraph 1107 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1107 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## ANSWER TO TENTH CLAIM FOR RELIEF

1108.   Walmart incorporates by reference its answers to all other allegations contained in this Answer as if fully set forth herein.

1109.   Walmart denies the allegations contained in Paragraph 1109 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1109 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1110.   Paragraph 1110 purports to contain a recitation of law that speaks for itself, and Walmart denies any characterizations thereof. Further, Walmart denies the allegations contained in Paragraph 1110 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1110 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1111.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1111; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5). Further, Walmart denies the remaining allegations contained in Paragraph 1111 as they apply to Walmart. Moreover, the remaining allegations

contained in Paragraph 1111 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1112.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1112; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1113.   Walmart denies the allegations contained in Paragraph 1113 as they apply to Walmart. Further, the remaining allegations contained in Paragraph 1113 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1114.   Paragraph 1114 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1114 and further denies the remaining allegations contained in Paragraph 1114 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1114 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1115.   Paragraph 1115 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1115 and further denies the remaining allegations contained in Paragraph 1115 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1115 are not directed toward

Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1116.   Paragraph 1116 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1116 and further denies the remaining allegations contained in Paragraph 1116 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1116 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1117.   Paragraph 1117 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1117 and further denies the remaining allegations contained in Paragraph 1117 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1117 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1118.   Paragraph 1118 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1118 and further denies the remaining allegations contained in Paragraph 1118 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1118 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such

allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1119.   Paragraph 1119 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1119 and further denies the remaining allegations contained in Paragraph 1119 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1119 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1120.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1120; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1121.   Paragraph 1121 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1121 and further denies the remaining allegations contained in Paragraph 1093 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1121 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## ANSWER TO ELEVENTH CLAIM FOR RELIEF

1122.   Walmart incorporates by reference its answers to all other allegations contained in this Answer as if fully set forth herein.

1123.   Paragraph 1123 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1123 and

further denies the remaining allegations contained in Paragraph 1123 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1123 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1124.   Paragraph 1124 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1124 and further denies the remaining allegations contained in Paragraph 1124 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1124 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1125.   Paragraph 1125 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1125 and further denies the remaining allegations contained in Paragraph 1125 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1125 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1126.   The allegations contained in Paragraph 1126 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

Moreover, to the extent Paragraph 1126 is deemed to contain allegations against Walmart, Walmart denies such allegations.

1127.    Paragraph 1127 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1127 and further denies the remaining allegations contained in Paragraph 1127 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1127 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1128.    Paragraph 1128 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1128 and further denies the remaining allegations contained in Paragraph 1128 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1128 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1129.    Paragraph 1129 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1129 and further denies the remaining allegations contained in Paragraph 1129 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1129 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1130.   Paragraph 1130 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1130 and further denies the remaining allegations contained in Paragraph 1130 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1130 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1131.   Paragraph 1131 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1131 and further denies the remaining allegations contained in Paragraph 1131 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1131 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1132.   Paragraph 1132 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1132 and further denies the remaining allegations contained in Paragraph 1132 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1132 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1133.   Paragraph 1133 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1133 and

further denies the remaining allegations contained in Paragraph 1133 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1133 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1134.   Paragraph 1134 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1134 and further denies the remaining allegations contained in Paragraph 1134 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1134 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1135.   Walmart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1135; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

1136.   Paragraph 1136 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1136 and further denies the remaining allegations contained in Paragraph 1136 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1136 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## ANSWER TO PRAYER FOR RELIEF

1137.   Paragraph 1137 states legal conclusions to which no response is required. To the extent a response is required, Walmart denies the legal conclusions stated in Paragraph 1137 and further denies the remaining allegations contained in Paragraph 1137 as they apply to Walmart. Moreover, the remaining allegations contained in Paragraph 1137 are not directed toward Walmart and therefore no response from Walmart is required. To the extent a response to such allegations is required, Walmart is without knowledge or information sufficient to form a belief as to their truth; such allegations are therefore deemed to be denied under Fed. R. Civ. P. 8(b)(5).

## AFFIRMATIVE AND OTHER DEFENSES

Having answered the allegations of Plaintiffs' Complaint, and having denied any liability whatsoever, Walmart further denies any allegations that have not been expressly admitted and sets forth below its defenses. By setting forth these defenses, Walmart does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, Walmart does not intend these defenses to be, nor shall they be construed as, an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations. Walmart does not admit or acknowledge that it bears the burden of proof or burden of persuasion with respect to any such defense. Upon completion of discovery, if the facts warrant, Walmart may withdraw any of these defenses as may be appropriate. Walmart reserves the right to (i) rely on any other applicable defenses set forth in any Answer or listing of affirmative defenses of any other Walmart in this Action, (ii) rely on any other defenses that may become apparent during fact or expert discovery in this matter, and (iii) to amend its Answer to assert any such defenses.

## FIRST DEFENSE

The Complaint fails to state facts sufficient to constitute a claim upon which relief may be granted against Walmart.

## SECOND DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

## THIRD DEFENSE

Plaintiffs' claims are barred by the applicable statute of repose.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## FIFTH DEFENSE

Plaintiffs' claims are barred or limited for lack of standing.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the voluntary payment doctrine.

## SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity to bring their claims, including claims indirectly maintained on behalf of their citizens and claims brought as *parens patriae*.

## EIGHTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs are not the real parties in interest.

## NINTH DEFENSE

Plaintiffs' claims are not ripe and/or have been mooted.

## TENTH DEFENSE

Plaintiffs' claims and damages are barred or limited, in whole or in part, by common law, statutory, and state constitutional constraints on the exercise of police powers by a municipality.

## ELEVENTH DEFENSE

Plaintiffs' claims and damages are barred or limited by the political question and separation of powers doctrines and because their claims implicate issues of statewide importance that are reserved for state regulation.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of *in pari delicto*.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to exhaust administrative remedies or to satisfy other procedural prerequisites.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of estoppel, waiver, and/or ratification.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

## SEVENTEENTH DEFENSE

Venue may be improper and/or inconvenient in this Court.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred or limited by the terms and effect of any applicable consent judgment or settlement, including by operation of the doctrines of res judicata and collateral estoppel, failure to fulfill conditions precedent, failure to provide requisite notice, payment, accord and satisfaction, and compromise and settlement.

## NINETEENTH DEFENSE

Plaintiffs have failed to join all necessary parties, including without limitation health care providers, prescribers, patients, and other third parties whom Plaintiffs allege engaged in the unauthorized or illicit prescription, dispensing, diversion, or use of prescription opioid products.

## TWENTIETH DEFENSE

Plaintiffs' claims against Walmart do not arise out of the same transactions or occurrences as their claims against other defendants, as required for joinder of parties.

### TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred to the extent they relate to Walmart's alleged lobbying or other activities protected by the First Amendment to the Constitution of the United States or by the Constitution of the State of Ohio or that of any other state whose laws may apply.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they violate the Due Process or Ex Post Facto clauses of the United States or Ohio constitutions.

### TWENTY-THIRD DEFENSE

Walmart's rights under the Due Process Clause of the U.S. Constitution and applicable state Constitution or statute are violated by any financial or other arrangement that might distort a government attorney's duty to pursue justice rather than his or her personal interests, financial or otherwise, in the context of a civil enforcement proceeding, including by Plaintiffs' use of a contingency fee contract with private counsel.

### TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they violate the Dormant Commerce Clause of the United States Constitution.

### TWENTY-FIFTH DEFENSE

Walmart denies all types of causation, including without limitation, cause in fact, proximate cause and producing cause, with respect to the claims asserted against Walmart.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Walmart did not proximately cause the damages complained of, and because the acts of other persons (including individuals engaged in the illegal distribution or use of opioids without a proper prescription) intervened between Walmart's acts and Plaintiffs' harms. Walmart had no legal duty to protect Plaintiffs

from the intentional criminal acts of third persons, which are superseding causes that extinguish any liability.

### TWENTY-SEVENTH DEFENSE

The injuries and damages claimed by Plaintiffs resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Walmart was not the proximate and/or competent producing cause of such alleged injuries and damages.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' injuries and damages, if any, were due to misuse, illicit use, or abuse of the medications at issue on the part of the medication users, for which Walmart is not liable.

### TWENTY-NINTH DEFENSE

Any injuries and/or damages sustained by Plaintiffs may have been caused or contributed to by the negligence or actual conduct of Plaintiffs and/or other persons, firms, corporations, or entities over whom Walmart had no control or right of control and for whom it is not responsible.

### THIRTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because their alleged injuries or damages were caused by unforeseeable and uncontrollable forces over which Walmart had no control and for which Walmart is not responsible, including without limitation pre-existing or unrelated medical conditions.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any and all damages alleged by Plaintiffs were caused by misuse of the products involved, failure to use the products properly, and/or alteration or modification of, or criminal misuse or abuse of, the prescribed medications by third parties over whom Walmart had no control, for whom Walmart are not responsible, and that operated as superseding causes that extinguish any liability.

### THIRTY-SECOND DEFENSE

Plaintiffs would be unjustly enriched if allowed to recover on any of their claims.

### THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs suffered no injuries or damages as a result of any action by Walmart.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the derivative injury rule and the remoteness doctrine bar Plaintiffs from recovering payments that they allegedly made on behalf their residents to reimburse any expenses for health care, pharmaceutical care, and/or other public services.

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred to the extent that Walmart has valid defenses that bar recovery by those persons on whose behalf Plaintiffs purportedly seek recovery.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims are subject to all defenses that could be asserted if Plaintiffs' claims were properly made by individuals on whose behalf or for whose alleged damages Plaintiffs seek to recover.

### THIRTY-SEVENTH DEFENSE

Plaintiffs have failed to comply with the requirement that they identify each patient in whose claim(s) they have a subrogation interest and on whose behalf they have incurred costs.

### THIRTY-EIGHTH DEFENSE

Plaintiffs fail to plead that they reimbursed any prescriptions for any opioid distributed by Walmart that harmed patients and should not have been prescribed or distributed, that Walmart

310

caused any health care provider to write any ineffective or harmful opioid prescriptions, or that any specific prescription was unauthorized, medically unnecessary, ineffective, or harmful.

### THIRTY-NINTH DEFENSE

Plaintiffs' claims are barred to the extent that Plaintiffs' alleged damages are speculative, uncertain, and hypothetical.

### FORTIETH DEFENSE

Any recovery by Plaintiffs may be barred, in whole or in part, by the principle of comparative or contributory fault.

### FORTY-FIRST DEFENSE

Any recovery against Walmart is barred or limited under the principles of assumption of the risk and informed consent.

### FORTY-SECOND DEFENSE

Plaintiffs' damages, if any, were caused by the active, direct, and proximate negligence or actual conduct of entities or persons other than Walmart, and in the event that Walmart is found to be liable to Plaintiffs, Walmart will be entitled to indemnification, contribution, and/or apportionment.

### FORTY-THIRD DEFENSE

Walmart asserts its right to a proportionate reduction of any damages found against Walmart based on the negligence or other conduct of any settling tortfeasor and/or responsible third party and/or Plaintiffs.

### FORTY-FOURTH DEFENSE

A specific percentage of the tortious conduct that proximately caused the injury or loss to person or property is attributable to (i) each Plaintiff, (ii) other parties from whom Plaintiffs seek recovery, and (iii) persons from whom Plaintiffs do not seek recovery in this action, including,

but not limited to, prescribing practitioners, non-party pharmacies and pharmacists, individuals and entities involved in diversion and distribution of prescription opioids, individuals and entities involved in import, distribution, and sale of illegal opioids, individuals involved in procuring diverted prescription opioids and/or illegal drugs, delivery services, federal, state, and local government entities, and health insurers and pharmacy benefit managers. Ohio Revised Code § 2307.23.

**FORTY-FIFTH DEFENSE**

Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have already indemnified or with reasonable certainty will indemnify Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source or any other applicable law.

**FORTY-SIXTH DEFENSE**

If Walmart is found liable for Plaintiffs' alleged injuries and losses (which liability is specifically denied), the facts will show that Walmart caused fifty percent or less of the conduct that proximately caused such injuries or loss and is liable only for its proportionate share of the damages that represent economic loss. *See* Ohio Revised Code §§ 2307.22-.23. Any recovery by Plaintiffs must be reduced pursuant to Ohio Rev. Code §§ 2315.32-35 and 2307.23 to account for the acts or omissions attributable to Plaintiffs.

**FORTY-SEVENTH DEFENSE**

The damages which Plaintiffs may be entitled to recover if liability is established (which liability is specifically denied) are capped pursuant to Ohio Revised Code §§ 2315.18 and 2315.21.

## FORTY-EIGHTH DEFENSE

Any damages that Plaintiffs may recover against Walmart must be reduced to the extent that Plaintiffs are seeking damages for alleged injuries or expenses related to the same user(s) of the subject drugs, or damages recovered or recoverable by other actual or potential plaintiffs. Any damages that Plaintiffs may recover against Walmart must be reduced to the extent they unjustly enrich Plaintiffs.

## FORTY-NINTH DEFENSE

Plaintiffs' claims against Walmart are barred to the extent they rely, explicitly or implicitly, on a theory of market-share liability.

## FIFTIETH DEFENSE

Plaintiffs' claims against Walmart are barred or limited by the economic loss rule.

## FIFTY-FIRST DEFENSE

Plaintiffs are barred, in whole or in part, from recovering costs incurred in providing public services by the free public services and/or municipal cost recovery doctrine.

## FIFTY-SECOND DEFENSE

Plaintiffs may have failed or refused to exercise reasonable care and diligence to avoid loss and minimize damages and, therefore, may not recover for losses that could have been prevented by reasonable efforts on its part, or by expenditures which might reasonably have been made. Recovery, if any, should therefore be reduced by Plaintiffs' failure to mitigate damages, if any.

## FIFTY-THIRD DEFENSE

To the extent Plaintiffs attempt to seek equitable relief, Plaintiffs are not entitled to such relief because Plaintiffs have an adequate remedy at law.

## FIFTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because federal agencies have exclusive or primary jurisdiction over the matters asserted in the Complaint.

## FIFTY-FIFTH DEFENSE

Plaintiffs' claims are preempted by federal law, including (without limitation) the federal Controlled Substances Act and the Food, Drug, and Cosmetic Act ("FDCA").

## FIFTY-SIXTH DEFENSE

The conduct of Walmart conformed with the FDCA and the requirements of the Food and Drug Administration ("FDA"), and the activities of Walmart alleged in the Complaint conformed with all state and federal statutes, regulations, and industry standards based on the state of knowledge at the relevant time(s) alleged in the Complaint.

## FIFTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by conflict preemption as set forth in the United States Supreme Court's decisions in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011), and *Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013).

## FIFTY-EIGHTH DEFENSE

Plaintiffs' claims are preempted insofar as they conflict with Congress's purposes and objectives in enacting relevant federal legislation and authorizing regulations, including the Hatch-Waxman Amendments to the FDCA and implementing regulations. *See Geier v. Am. Honda Co.*, 529 U.S. 861 (2000).

## FIFTY-NINTH DEFENSE

To the extent Plaintiffs assert claims that depend solely on violations of federal law, including any claims of a "fraud on the FDA" with respect to the Manufacturer Defendants'

disclosure of information related to the safety of their medications at issue, such claims are barred and should be dismissed. *See Buckman v. Plaintiffs' Legal Comm'n*, 531 U.S. 341 (2001).

## SIXTIETH DEFENSE

To the extent Plaintiffs assert claims that depend solely on violations of federal law, including any claims of "fraud on the Drug Enforcement Administration" ("DEA") with respect to Walmart's compliance with statutes or regulations administered and/or enforced by the DEA, such claims are barred and should be dismissed. *See Buckman v. Plaintiffs' Legal Comm'n,* 531 U.S. 341 (2001).

## SIXTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the deference that common law accords discretionary actions by the FDA under the FDCA and discretionary actions by the DEA under the Controlled Substances Act.

## SIXTY-SECOND DEFENSE

If Plaintiffs incurred the damages alleged, which is expressly denied, Walmart is not liable for damages because the methods, standards, or techniques of designing, manufacturing, labeling, and distributing the prescription medications at issue complied with and were in conformity with the laws and regulations of the Controlled Substances Act, the FDCA, and the generally recognized state of the art in the industry at the time the product was designed, manufactured, labeled, and distributed.

## SIXTY-THIRD DEFENSE

Plaintiffs' claims are barred to the extent they are based on any allegations involving failure to provide adequate warnings or information because all warnings or information that accompanied the allegedly distributed products were approved by the United States Food & Drug Administration for a product approved under the Federal Food, Drug, and Cosmetic Act

(21 U.S.C. Section 301 et seq.), as amended, or Section 351, Public Health Service Act (42 U.S.C. Section 262), as amended, or the warnings and information provided were those stated in monographs developed by the United States Food & Drug Administration for pharmaceutical products that may be distributed without an approved new drug application.

### SIXTY-FOURTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the learned intermediary doctrine.

### SIXTY-FIFTH DEFENSE

Walmart did not owe or breach any statutory or common law duty to Plaintiffs.

### SIXTY-SIXTH DEFENSE

Walmart appropriately, completely, and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

### SIXTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Walmart complied at all relevant times with all applicable laws, including all legal and regulatory duties.

### SIXTY-EIGHTH DEFENSE

To the extent that Plaintiffs rely on letters or other informal guidance from the DEA to establish Walmart's regulatory duties, such informal guidance cannot enlarge Walmart's regulatory duties in the absence of compliance by DEA with the requirements by the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*.

### SIXTY-NINTH DEFENSE

Plaintiffs' claims are barred to the extent they are based on alleged violations of industry customs because purported industry customs do not create legal duties on Walmart.

## SEVENTIETH DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the Restatement (Second) of Torts § 402A, Comments j and k, and Restatement (Third) of Torts: Products Liability § 6.

## SEVENTY-FIRST DEFENSE

To the extent that Plaintiffs are alleging fraud, fraudulent concealment, or similar conduct, Plaintiffs have failed to plead fraud with sufficient particularity.

## SEVENTY-SECOND DEFENSE

Plaintiffs fail to plead any actionable misrepresentation or omission made by or attributable to Walmart.

## SEVENTY-THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part because no conduct of Walmart was misleading, unfair, or deceptive.

## SEVENTY-FOURTH DEFENSE

Plaintiffs' claims may be barred, in whole or in part, because neither the users nor their prescribers of the medications distributed by Walmart, nor Plaintiffs themselves, relied to their detriment upon any statement by Walmart in determining to use the medications at issue.

## SEVENTY-FIFTH DEFENSE

Walmart is not liable for any statements in the Manufacturer Defendants' branded or unbranded materials.

## SEVENTY-SIXTH DEFENSE

Plaintiffs' nuisance claims are barred to the extent that they lack the statutory authority to bring a nuisance claim under Ohio law or their own applicable county or municipal codes or regulations.

## SEVENTY-SEVENTIETH DEFENSE

Plaintiffs' common law and statutory public nuisance claims are barred or limited to the extent that they have been abrogated or otherwise curtailed by the Ohio Products Liability Act, Ohio Rev. Code § 2307.71, *et seq*.

## SEVENTY-EIGHTH DEFENSE

Plaintiffs' claim of public nuisance is barred or limited because no action of Walmart involved interference with real property; illegal conduct perpetrated by third parties involving the use of an otherwise legal product does not involve a public right against the distributor sufficient to state a claim for public nuisance; the alleged public nuisance would have impermissible extraterritorial reach; and the alleged conduct of Walmart is too remote from the alleged injury as a matter of law and due process.

## SEVENTY-NINTH DEFENSE

Plaintiffs' claim for unjust enrichment is barred or limited because Walmart did not receive and retain any alleged benefit from Plaintiffs.

## EIGHTIETH DEFENSE

Plaintiffs' claims are barred, reduced, and/or limited pursuant to the applicable Ohio statutory and common law regarding limitations of awards, caps on recovery, and setoffs.

## EIGHTY-FIRST DEFENSE

Plaintiffs' claims are barred, reduced, and/or limited to the extent that Walmart is entitled to a credit or setoff for any and all sums Plaintiffs has received in the way of any and all settlements.

## EIGHTY-SECOND DEFENSES

Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of acquiescence, settlement, or release.

## **EIGHTY-THIRD DEFENSE**

Walmart's liability, if any, will not result from their conduct but is solely the result of an obligation imposed by law, and thus Walmart is entitled to complete indemnity, express or implied, by other parties.

## **EIGHTY-FOURTH DEFENSE**

Plaintiffs' claims for punitive or exemplary damages or other civil penalties are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the Due Process Clauses of the United States Constitution, the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the Sixth Amendment to the United States Constitution, and applicable provisions of the Constitution of Ohio or that of any other state whose laws may apply. Any law, statute or other authority purporting to permit the recovery of punitive damages or civil penalties in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it:

(1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages or civil penalties and/or the amount, if any;

(2) is void for vagueness in that it fails to provide adequate advance notice as to what conduct will result in punitive damages or civil penalties;

(3) unconstitutionally may permit recovery of punitive damages or civil penalties based on harms to third parties, out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs;

(4) permits the imposition of punitive damages where the burden of proof is less than clear and convincing evidence;

(5) permits the imposition of punitive damages without bifurcating the trial and trying all punitive damages issues separately, only if and after a finding on the merits of the liability of the Walmart;

(6) permits the imposition of punitive damages without any predetermined limit on any such award;

(7) permits an imposition of punitive damages that allows for multiple punishments for the same alleged act(s) or omission(s);

(8) unconstitutionally may permit recovery of punitive damages or civil penalties in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any;

(9) unconstitutionally may permit jury consideration of net worth or other financial information relating to Defendants;

(10) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any award of punitive damages or civil penalties;

(11) lacks constitutionally sufficient standards for appellate review of any award of punitive damages or civil penalties;

(12) would unconstitutionally impose a penalty, criminal in nature, without according to Defendants the same procedural protections that are accorded to criminal defendants under the constitutions of the United States, this State, and any other state whose laws may apply; and

(13) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991); *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and *Philip Morris USA v. Williams*, 549 U.S. 346 (2007).

### EIGHTY-FIFTH DEFENSE

To the extent that Plaintiffs seeks punitive, exemplary, or aggravated damages, any such damages are barred because the product at issue, and its labeling, were subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C. § 301.

### EIGHTY-SIXTH DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred because Plaintiffs cannot prove by clear and convincing evidence that Walmart was grossly negligent and Walmart has neither acted nor failed to act in a manner that entitles Plaintiffs to recover punitive or exemplary damages.

### EIGHTY-SEVENTH DEFENSE

Plaintiffs cannot obtain relief on its claims based on actions undertaken by Walmart of which Walmart provided notice of all material facts.

### EIGHTY-EIGHTH DEFENSE

Walmart is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of this State or any other state whose substantive law might control the action.

## EIGHTY-NINTH DEFENSE

Walmart asserts all applicable defenses under Federal Rules of Civil Procedure 8(c) and 12(b) and/or Ohio Rules of Civil Procedure 8(C) and 12(B), as investigation and discovery proceeds.

## NINETIETH DEFENSE

To the extent they are not otherwise incorporated herein, Walmart incorporates as a defense the defenses and arguments raised in the motions to dismiss of the Manufacturer Defendants, Distributor Defendants, and Pharmacy Defendants in this case.

## NINETY-FIRST DEFENSE

Walmart adopts by reference any additional applicable defense pled by any other defendants not otherwise pled herein.

## JURY DEMAND

Walmart hereby requests a jury trial as to all issues or claims triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Walmart prays for relief from judgment from Plaintiffs as follows:

1.      Plaintiffs take nothing by reason of this Complaint;

2.      Walmart recovers its costs and attorneys' fees incurred herein; and

3.      For such further and other relief as the Court deems proper.

Dated:  January 15, 2019     Respectfully submitted,


        */s/ Tara Fumerton*
        Tara Fumerton
        JONES DAY
        77 West Wacker
        Suite 3500
        Chicago, IL  60601.1692
        Telephone: +1.312.782.3939
        Facsimile: +1.312.782.8585

        Attorneys for Defendant Walmart Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 15, 2019, the foregoing was filed using the Court's CM/ECF filing system and will be served via the Court's CM/ECF filing system on all attorneys of record.


/s/ *Tara Fumerton*
Tara Fumerton