**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**<br><br>*THIS DOCUMENT RELATES TO:*<br><br>*County of Summit, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 18-op-45090 (N.D. Ohio)<br><br>*The County of Cuyahoga, Ohio, et al. v. Purdue Pharma L.P., et al.*<br>Case No. 17-op-45004 (N.D. Ohio)<br><br>"Track One-B Cases" | **MDL No. 2804**<br><br>**Case No. 17-md-2804**<br><br>**Hon. Dan Aaron Polster** |

**NON-PARTY STATE OF OHIO BOARD OF PHARMACY'S MOTION TO AMEND
THE FEBRUARY 13, 2020, ORDER TO AUTHORIZE IMMEDIATE APPEAL UNDER
28 U.S.C. §1292(b)**

**I.  INTRODUCTION**

This Court issued a decision on February 13, 2020, requiring the State of Ohio Board of Pharmacy ("the Board") to produce data from the Ohio Automated Rx Reporting System ("OARRS"). The Board has filed a motion with this Court requesting reconsideration of this order. That motion is currently pending.

In the event that that this Court denies the Board's motion to reconsider, the Board asks that the Court amend its Order to authorize the Board to seek an interlocutory appeal under 28 U.S.C. §1292(b).

1

## II. THE ORDER MEETS ALL THE REQUIREMENTS OF 28 U.S.C. §1292(B)

Section 1292(b) provides statutory authority for courts of appeal to hear the interlocutory appeals from decisions of district courts. The provision states:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

28 U.S.C. §1292(b).

The Sixth Circuit has stated that the "three factors that justify interlocutory appeal should be treated as *guiding* criteria rather than *jurisdictional* requisites." *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (quoting 16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §3930 (3d ed. 2002)) (emphasis in original). However, if a court finds that all three factors are present, a court has a "duty . . . to allow an immediate appeal to be taken." *Ahrenholz v. Board of Trustees*, 219 F.3d 674, 677 (7th Cir. 2000). *See also In re Trump*, 928 F.3d 360, 369 (4th Cir. 2019) (same).

### A. THE ORDER INVOLVES A CONTROLLING QUESTION OF LAW.

There is a clear and unambiguous issue of law before this Court – in diversity cases should federal courts apply the clear prohibitions against disclosure found in O.R.C. 4729.80 and 4729.86? This Court held that disclosure was permitted by 42 U.S.C. §290dd-2(b)(2)(C) and that the "state statute does not cabin this federal Court's discretion." Order at 8, n.7. As the Board argued in its motion to reconsider, this holding flatly contradicts black-letter law regarding Federal Rule of Evidence 501 which holds that in diversity jurisdiction cases, the existence of confidentiality is "determined in accordance with state, not federal law." *Jewell v. Holzer Hosp.*

2

*Found., Inc.*, 899 F.2d 1507, 1513 (6th Cir.1990). Whether federal law should be applied instead of state law is a controlling question of law. *Spong v. Fidelity Nat. Property and Cas. Ins.,* 787 F.3d 296, 304 (5th Cir. 2015).

> **B. THERE ARE SUBSTANTIAL GROUNDS FOR DIFFERENCE OF OPINION.**

The Sixth Circuit has recently adopted the legal standards of the Ninth Circuit for determining whether there is a substantial ground for difference of opinion. *In re Trump*, 874 F.3d 948, 952 (6th Cir.2017). The question is whether "reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Id.* (quoting *Reese v. BP Exploration, Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). So a "novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent." *Id.* (quoting *Reese*, 643 F.3d at 688).

A reasonable jurist could conclude here that the Court was bound to apply Ohio confidentiality law about OARRS because this case was being heard in diversity jurisdiction. The second element of §1292(b) is present.

> **C. THIS PRIVILEGE ISSUE INVOLVES A NEW LEGAL ISSUE AND IS OF SPECIAL CONSEQUENCE.**

The United States Supreme Court has implicitly established that the third factor under §1292(b) is met when an entity is raising a privilege claim that either involves a "new legal issue" or is "of special consequence."

> The preconditions for §1292(b) review -- "a controlling question of law," the prompt resolution of which "may materially advance the ultimate termination of the litigation" -- are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases.

*Mohawk Indus. Inc. v. Carpenter*, 558 U.S. 100, 110-111 (2009).

The issue about OARRS is both a novel legal issue *and* a matter of special consequence. The applicability of O.R.C. 4729.80 and 4729.86 in federal diversity actions is a quintessential novel legal issue.  No federal courts have required the Board to turn over information from OARRS database in a federal proceeding – whether in diversity jurisdiction or under a federal question.

The matter is also of special consequence.  As the Board detailed in its memorandum in opposition to opposition to the motion to compel, the practical effect of the court's order will give the Pharmacy defendants the ability to reverse-engineer the data already provided to uncover the dispensing history of most of the patients in the state for the past several years.  The Pharmacy Defendants did not dispute that they *could* perform this reverse engineering.  This Court stated that it "may be true" that the Defendants will nonetheless be able to identify each patient and all of her prescriptions.  Slip op at 5.  This will include the data for millions of Ohioans who have received a prescription for controlled substances in the past decade.  Indeed, the Court recognized that "the Court's staff's own prescription data is included within the OARRS data[.]"  Slip Op. at 7, n. 6.  If this confidentiality issue is not a matter of "special consequence," then no issue would be.

Courts routinely authorize interlocutory appeals under §1292(b) for "presenting claims of privilege or similarly sensitive matters."  16 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3931, p.516 (3d ed. 2002).  The Sixth Circuit has authorized interlocutory appeals when critical issues of confidentiality were to be addressed.  *In re Columbia/HCA Healthcare Corp. Billing Practices Litigation*, 293 F.3d 289, 293 (6th Cir. 2002); *In re Ohio Execution Protocol Litig.,* 2016 U.S. App. LEXIS 23716, *4-5 (6th Cir. 2016).  *See also AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 994 (D.C. Cit. 2014) (appeal under

4

§1292(b) authorized for appeal requiring internet service providers to identify over 1000 subscribers).

This Court should follow the *Mohawk* Court's guidance and it "should not hesitate to certify an interlocutory appeal" in this case.

    **D.**    **THE REQUEST IS TIMELY.**

There is no statutory deadline in 28 U.S.C. §1292(b) for a litigant to request that a District Court amend its order to include the necessary language for interlocutory appeal, but various courts have held that such requests must be made within a reasonable time. *See e.g. Ahrenholz*, 219 F.3d at 675-676. District Courts in the Sixth Circuit have deemed requests to be timely twenty-eight days or even thirty-seven days after an order. *See McKinstry v. Sargent*, 2012 U.S. Dist. LEXIS 122344, *9-10 (E.D. Kentucky 2012); *William Powell Co. v. Nat'l. Indem. Co*, 2019 U.S. Dist. LEXIS 21554, *7 (S.D. Ohio 2019).

This request is being filed twenty-eight days after this Court's order and is being submitted within a reasonable time.

**III.**    **CONCLUSION**

If this Court rejects the Board's earlier request to reconsider its decision, then it should amend its earlier order to state that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ *Henry G. Appel*
HENRY G. APPEL (0068479)
Principal Assistant Attorney General
30 East Broad Street, 26th Floor
Columbus, Ohio 43215
(614) 466-8600; (866) 441-4738 (fax)
henry.appel@ohioattorneygeneral.gov

Counsel for Interested Party Ohio State Board of Pharmacy

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served by operation of this Court's electronic filing system on the day of filing to all counsel of record.

/s/ *Henry G. Appel*
HENRY G. APPEL (0068479)
Principal Assistant Attorney General